

| State of New York<br>Division of Housing and Community Renewal<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>(833) 499-0343 | Docket Number<br>GO 110062 R<br>Issue Date<br>04/16/2024 |
|---|---|---|

## ORDER GRANTING APPLICATION

**Mailing Address of Tenant:**

Saleha Sattar
Apt 5C
88-15 168th St
Jamaica NY   11432

**Mailing Address of Owner:**

Hillside Park 168, Llc
166-07 Hillside Ave
Jamaica NY   11432

**Subject Housing Accommodation:**

Apt. No: 5C
88-15 168th St
Jamaica NY   11432

After consideration of all the evidence in the record, the Rent Administrator finds that:

The base date for this proceeding is March 19, 2014.

To:   AURA ZUNIGA
      THE LEGAL AID SOCIETY CIVIL
      120-46 QUEENS BLVD. 3RD FL
      KEW GARDENS NY   11415

Page 1 of 3



| State of New York<br>Division of Housing and Community Renewal<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>(833) 499-0343 | Docket Number<br>GO 110062 R<br>Issue Date<br>04/16/2024 |
|---|---|---|

## ORDER GRANTING APPLICATION

The legal regulated rent is established at $1,399.00 for the period ending 07/31/2021. Therefore, the owner is directed to base all future leases and rent increases on the legal rent established in this order.

A review of the record reveals that the tenant is in arrears of $21,694.61 as of 07/31/2021. The arrears amount is applied as a refund and used to offset the overcharges amount along with the penalties, therefore, no money is due to the tenant.

Treble damages have been assessed in this proceeding in accordance with the applicable statutes.

Further, record shows that ERAP paid tenant's rent from March 2020 to July 2021 for 15 months at an amount of $1,460.00 per month, for a total amount of $21,900.00.

If you received a paper check that has been cashed or received a direct deposit, you will need to return the overcharge identified by the New York State Homes and Community Renewal (HCR) to the State by mailing a check to the New York State Office of Temporary & Disability Assistance.

The overcharge to be paid to the State is ($4,851.15). Please include the 5-digit ERAP case number and "HCR" in the memo field on the check.

To return the overcharge, please mail a paper check to :
NYS Office of Temporary & Disability Assistance
40 North Pearl Street, 14D
Cashier Unit
Albany NY 12243

*[signature: Jerry M. Scher]*

Jerry M. Scher
Rent Administrator    Issued: 04/16/2024

Attachment(s): Rent Calculation Chart

cc: NYS OTDA
    NYS OTDA
    T. SUBRAJ



State of New York
**Division of Housing and Community Renewal**
Office of Rent Administration
Gertz Plaza
92-31 Union Hall Street
Jamaica, NY 11433
Web Site: www.hcr.ny.gov

## Notice of Right to Administrative Review

This Notice explains your right to appeal, seeking review of orders issued by a Rent Administrator. If you believe that an order is based on an error of law and/or fact, as an aggrieved party you have the right to ask the Division of Housing and Community Renewal (DHCR) to review the order based on your claim of error. This request is called a Petition for Administrative Review, and is referred to as a PAR. If you wish to file a PAR, please read the informatio and instructions below and follow them carefully. Further details may be found in the instructions printed on the rever side of the form used for filing a PAR.

### Who may File a PAR:

An owner, tenant, or other party affected by an order, or an authorized representative of such person(s), may file a PAR. Two or more affected owners or tenants may join in filing a PAR. The DHCR encourages joint filings by affected parties filing on common grounds.

### How to File a PAR:

1. Use the correct form. PARs must be filed in duplicate using DHCR form RAR-2, in accordance with the instructions on the form. PARs filed on other forms or by letter will not be accepted.

2. You must attach a complete copy of the order which you are appealing to the original of your PAR.

### Time Limit for Filing a PAR:

The PAR must be hand-delivered or mailed to DHCR at Gertz Plaza, 92-31 Union Hall Street, Jamaica, New York 11433.

1. If the PAR is hand delivered, it must be received **no later than 35 days after the date the order was issued.** The date issued usually appears in the upper right-hand corner of the order.

2. If the PAR is mailed, it must be postmarked **no later than 35 days after the date the order was issued.** If you use a private postage meter and the envelope does not have an official U.S. Postal Service Postmark, the PAR must be received by the DHCR office **not later than 35 days after the order's issuance date,** or you will be required to submit other adequate proof (such as an official Postal Service receipt or certificate of mailing) that the PAR was mailed within the 35-day limit.

**PARs filed after the time limit will be considered untimely and will be dismissed.**

### How to Obtain the PAR Form:

You may request the PAR form RAR-2 by coming to any DHCR Rent Office listed below or to the Office of Rent Administration's main office at Gertz Plaza, 92-31 Union Hall Street, Jamaica, New York 11433. You may also request that the form be mailed to you by calling (833) 499-0343. The form is also available on the website listed above. Please note that any delay resulting from mailed delivery of the form to you does not extend the time limit for filing the PAR.

### DHCR Rent Offices

**Lower Manhattan**
25 Beaver St.
5th Floor
New York, NY 10004

**Upper Manhattan**
163 West 125th St.
5th Floor
New York, NY 10027

**Brooklyn**
55 Hanson Place
6th Floor
Brooklyn, NY 11217

**Bronx**
1 Fordham Plaza
4th Floor
Bronx, NY 10458

**Queens**
92-31 Union Hall St.
6th Floor
Jamaica, NY 11433

**Westchester County**
75 South Broadway
3rd Floor
White Plains, NY 10601

```
04/15/2024                    NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL                              TITLE PAGE
                                      OFFICE OF RENT ADMINISTRATION

                                               CALCULATION CHART


         CHART DESCRIPTION   : THIS CHART DETAILS ALL CHANGES THAT OCCURRED IN THE CALCULATION OF THE LEGAL REGULATED
                               RENT AND THE COLLECTIBLE RENT FOR YOUR APARTMENT.  THESE CHANGES MAY REFLECT INCREASES SUCH
                               AS GUIDELINE, MAJOR CAPITAL IMPROVEMENTS, INDIVIDUAL APARTMENT IMPROVEMENTS, 421-A,
                               AND OTHER SURCHARGES OR THEY MAY REFLECT DECREASES FOR SERVICE REDUCTION ORDERS OR REGISTRATION
                               FREEZES. IN ADDITION, THE CHART WILL REFLECT THE CALCULATED OVERCHARGE AMOUNTS AND PENALTIES
                               IF APPLICABLE.

         DEFINITION OF TERMS : LRR                       - THE LEGAL REGULATED RENT AS ADJUSTED IN ACCORDANCE WITH
                                                           THE RENT STABILIZATION CODE.
                               CR                        - THE COLLECTIBLE RENT, OR THE AMOUNT OF RENT AN OWNER IS
                                                           ENTITLED TO COLLECT, MAY BE DIFFERENT FROM THE LRR BECAUSE OF
                                                           TEMPORARY CHARGES, ADJUSTMENTS AND FREEZES.
                               BASE LRR                  - THE LEGAL REGULATED RENT USED AT THE START OF THE CALCULATIONS.
                               BASE CR                   - THE COLLECTIBLE RENT USED AT THE START OF CALCULATIONS.
                               GUIDELINE INCREASES       - THE RENT GUIDELINE BOARD'S ANNUAL RATE OF ADJUSTMENTS FOR EACH
                                                           LEASE TERM IS CALCULATED ABOVE THE LEGAL REGULATED RENT, OR
                                                           THE GROSS RENT FOR CALCULATION IF AN MCI WAS GRANTED, IN
                                                           EFFECT ON THE DAY PRIOR TO THE EFFECTIVE DATE OF THE APPLICABLE
                                                           RENT GUIDELINE BOARD ORDER.
                               MCI                       - MAJOR CAPITAL IMPROVEMENT INCREASES AS GRANTED BY DHCR.
                               IAI                       - INDIVIDUAL APARTMENT IMPROVEMENT INCREASES FOR INCREASED SPACE
                                                           AND SERVICES, NEW EQUIPMENT, NEW FURNITURE OR FURNISHINGS.
                               421A                      - AN INCREASE AMOUNT WHICH IS 2.2% OF THE INITIAL RENTAL AMOUNT
                                                           FOR THE APARTMENT. APPLICABLE ONLY TO OWNERS WHO HAVE BEEN GRANTED
                                                           A PARTIAL TAX EXEMPTION PURSUANT TO SECTION 421-A OF THE REAL
                                                           PROPERTY TAX LAW.
                               WAIVER RULE               - WHEN THE OWNER FAILS TO CHARGE A RENT INCREASE, TO WHICH THE OWNER
                                                           IS ENTITLED, WITHIN A REASONABLE AMOUNT OF TIME, THE OWNER IS
                                                           DEEMED TO HAVE PERMANENTLY WAIVED THE INCREASE AND MAY NOT LATER
                                                           COLLECT THAT INCREASE FROM THE TENANT OR ANY SUBSEQUENT TENANT.
                               OVERCHARGE AMOUNT         - THE EXCESS RENT PAID ABOVE THE COLLECTIBLE RENT.
                                                           (RENT PAID - COLLECTIBLE RENT = OVERCHARGE). OVERCHARGE AMOUNT
                                                           IS ONLY CALCULATED FOR THE COMPLAINING TENANT AND DOES NOT
                                                           INCLUDE ANY PENALTIES AMOUNT.
                               PENALTIES AMOUNT          - TREBLE DAMAGES AND/OR INTEREST ASSESSED ON OVERCHARGES WHICH
                                                           OCCURRED ON OR AFTER 4/1/84.
```

```
04/15/2024              NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL              PAGE    1 OF 4
                                OFFICE OF RENT ADMINISTRATION

                                      CALCULATION CHART


COMPLAINING TENANT(S): SALEHA SATTAR
DOCKET NO          : GO110062R
SUBJECT PREMISES   : 88-15 168TH ST                          OVERCHARGE AMOUNT       :   10,428.02
                     JAMAICA, 11432                          TREBLE DAMAGES AMOUNT   :    4,765.54
APARTMENT NUMBER   : 5C                                      INTEREST AMOUNT         :        0.00
                                                             EXCESS SECURITY AMOUNT  :      679.13
                                                                                         ---------
                                                                     SUBTOTAL        :   15,872.69

BASE LRR :   1,125.34                                               - REFUND         :   21,694.61
BASE CR  :   1,125.34
                                                             TOTAL AMOUNT DUE TENANT :        0.00
===============================================================================================
LEASE TERM     RENT      RENT CHANGE    LRR       CR      EXPLANATION                OVERCHARGE
FROM / TO      PAID      DATE                                                        CALCULATIONS
===============================================================================================
TENANT NAME(S): *PRIOR TENANT*
-----------------------------------------------------------------------------------------------
01/01/2015 -   N/A       01/01/2015     1,136.59  1,136.59  GUIDELINE 46 - (R1) RENT $1125.34 +
12/31/2015                                                  1.00% INC <1>
===============================================================================================
TENANT NAME(S): SALEHA SATTAR
-----------------------------------------------------------------------------------------------
05/01/2017 -   2,078.13  05/01/2017     1,399.00  1,399.00  GUIDELINE 48 - (V2) RENT $1136.59 +    679.13 X 1 MOS.
04/30/2019                                                  20.00% VAC + 4.8% LONGEVITY
                                                            IAI INCREASE OF $496.00. APPLIED
                                                            05/01/2017. <2> <3> <4>
               -------------------------------------------------------------------------------
               1,399.00  06/01/2017     1,399.00  1,399.00  NEW RENT PAYMENT PERIOD STARTING
                                                            06/01/2017.
               -------------------------------------------------------------------------------
               1,440.00  05/01/2018     1,399.00  1,399.00  NEW RENT PAYMENT PERIOD STARTING     41.00 X 10 MOS.
                                                            05/01/2018.
               -------------------------------------------------------------------------------
               1,440.00  03/01/2019     1,399.00  1,136.59  (1136.59) - DHCR FREEZE ORDER #     303.41 X 2 MOS.
                                                            HM110017B (CLOSE 03/23/2021). APPLIED
                                                            03/01/2019. <5>
-----------------------------------------------------------------------------------------------
05/01/2019 -   1,460.00  05/01/2019     1,399.00  1,136.59  MONTH TO MONTH TENANCY <6> <7>       323.41 X 27 MOS.
07/31/2021
```

```
04/15/2024                  NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL              PAGE   2 OF 4
                                    OFFICE OF RENT ADMINISTRATION

                                       CALCULATION CHART FOOTNOTES

DOCKET NO           : GO110062R
```

1) THE BASE DATE FOR AN OVERCHARGE PROCEEDING IS THE DATE FOUR YEARS PRIOR TO THE FILING DATE OF THE COMPLAINT. IN THE INSTANT PROCEEDING, THE CASE WAS FILED ON 03/19/2018. THE BASE DATE IS 03/19/2014.

2) IF THE LEGAL REGULATED RENT WAS NOT INCREASED BY A PERMANENT VACANCY ALLOWANCE WITHIN EIGHT YEARS PRIOR TO A VACANCY LEASE EXECUTED ON OR AFTER JUNE 15, 1997, THE LEGAL REGULATED RENT MAY BE FURTHER INCREASED BY AN AMOUNT EQUAL TO THE PRODUCT RESULTING FROM MULTIPLYING THE PREVIOUS LEGAL REGULATED RENT BY SIX-TENTHS OF ONE PERCENT (0.6%) AND FURTHER MULTIPLYING SUCH RESULTING AMOUNT BY THE NUMBER OF YEARS SINCE THE IMPOSITION OF THE LAST PERMANENT VACANCY ALLOWANCE.
EVIDENCE SHOWS THAT THE OWNER LAST COLLECTED A VACANCY INCREASE IN 2009, THEREFORE THE OWNER IS ENTITLED TO A LOGEVITY INCREASE FOR 8 YEARS ON THE VACANCY LEASE COMMENCING ON 05/07/2017.

3) THE OWNER PROVED THE COST OF THE INSTALLATION OF NEW EQUIPMENT (NEW ELECTRICAL PANEL, RENOVATED KITCHEN AND BATHROOM, NEW PLUMBLING)IN THE APARTMENT TOTALING $29,760 AND IS ENTITLED TO A RENT INCREASE EQUAL TO 1/60TH OF THIS AMOUNT ($496.00 PER MONTH).

4) WHEN A PREFERENTIAL RENT IS AGREED TO BY BOTH PARTIES IT IS AGREED TO FOR THE TERM OF THE LEASE AND NOT DEPENDENT UPON IF THE PREFERENTIAL RENT PAYMENT IS MADE TIMELY. AN OWNER MAY ONLY DEMAND A LATE FEE OF UP TO 5% OF THE RENT BEING CHARGED AND PAID. SINCE PREFERENTIAL RENTS MAY NOT BE TERMINATED DURING A LEASE TERM, AN OWNER IS NOT PERMITTED TO ENFORCE A CLAUSE IN A RENT STABILIZED LEASE THAT PROVIDES THAT THE OWNER MAY END A PREFERENTIAL OR DISCOUNTED RENT BY A CERTAIN DAY OF THE MONTH.
KINGS PARK 8809 LLC V. NYSDHCR.
THEREFORE, THE RENT OF $1,399.00 CHARGED AND PAID BY THE TENANT IS THE LEGAL REGULATED RENT FOR THE SUBJECT APARTMENT FOR THE LEASE COMMENCING 05/01/17.

5) THE RENT WAS REDUCED ON 03/01/19 DUE TO A SERVICE REDUCTION ORDER, DOCKET NO. HM 110017 B, ISSUED ON 03/23/21 AND EFFECTIVE 03/01/19. THE ORDER REDUCING THE RENT BARS THE OWNER FROM APPLYING FOR OR COLLECTING ANY FURTHER INCREASES IN RENT, INCLUDING RENT ADJUSTMENTS UPON VACANCY OR SUCCESSION, UNTIL SUCH SERVICES ARE RESTORED OR NO LONGER REQUIRED. THEREFORE, THE RENT MAY NOT BE RESTORED TO THE FULL AMOUNT UNTIL DHCR ISSUES AN ORDER RESTORING THE RENT.

6) THE TENANT REMAINED IN OCCUPANCY AS A MONTH TO MONTH TENANT FROM THE PERIOD 05/01/19 TO 07/31/21 WITHOUT A VALID LEASE OR INCREASE IN RENT.

7) THE RENT IS CALCULATED TO 07/31/21 AS PER LAST RENT PAYMENT ON FILE SHOWN ON THE CURRENT RENT LEDGER SUBMITTED BY THE OWNER.

\*\*\*\*  G E N E R A L   N O T E S  \*\*\*\*

* THE EFFECTIVE DATE OF MCI ORDERS UNDER DOCKET NUMBERS FO110066OM, EW110067OM, FP110014OM, FS110004OM & GN110039OM IS 10/01/21. HOWEVER, THE RENT INCREASES DIRECTED BY THESE ORDERS ARE NOT COLLECTIBLE UNTIL THE CURRENT RENT REDUCTION ORDER UNDER DOCKET NO. HM110017B IS PROPERLY RESTORED.

* EVIDENCE IN THE RECORD INDICATES THAT THE OWNER RECEIVED ERAP PAYMENT OF $21,900.00 TO COVER THE TENANT'S RENT FROM MARCH 2020 TO JULY 2021 AT A RATE OF $1,460.00 PER MONTH FOR THE 15 MONTHS.
  THE RECORD INDICATES THAT AFTER THE ERAP PAYMENTS WERE APPLIED, THE TENANT STILL HAD AN ARREARS BALANCE OF $21,694.61 AS OF JULY 2021.
  BASED ON THE LEGAL AND COLLECTIBLE RENTS ESTABLISHED IN THIS ORDER, THE TENANT BALANCE OF $21,694.61 WHICH IS SHOWN AS A REFUND AGAINST THE TOTAL AMOUNT DUE THE TENANT AND APPLIED AS RENTAL PAYMENTS ON THE CALCULATION CHART.

* IF YOU RECEIVED A PAPER ERAP CHECK THAT HAS BEEN CASHED OR RECEIVED A DIRECT DEPOSIT, YOU WILL NEED TO RETURN THE OVERCHARGE IDENTIFIED BY THE NEW YORK STATE HOMES AND COMMUNITY RENEWAL (HCR) TO THE STATE BY MAILING A CHECK TO THE NEW YORK STATE OFFICE OF TEMPORARY & DISABILITY ASSISTANCE.
  THE OVERCHARGE TO BE PAID TO THE STATE IS ($4,851.15) PLEASE INCLUDE THE 5-DIGIT ERAP CASE NUMBER AND "HCR" IN THE MEMO FIELD ON THE CHECK. TO RETURN THE OVERCHARGE, PLEASE MAIL A PAPER CHECK TO:
  NYS OFFICE OF TEMPORARY & DISABILITY ASSISTANCE
  40 NORTH PEARL STREET, 14D
  CASHIER UNIT
  ALBANY, NEW YORK 12243

* EVIDENCE IN THE RECORD INDICATES THAT THE COMPLAINANT NEEDED A GUARANTOR TO SECURE THE APARTMENT AS SHE WAS LARGELY UNQUALIFIED, AS EVIDENCED BY THE CONSUMER REPORTS GENERATED ON HER BY THE LANDLORD'S LEASING OFFICE. AS SUCH, SARAWAR HOSSAIN, THE GUARANTOR, VOLUNTARILY PAID $6,874.60 WHICH INCLUDED SECURITY DEPOSIT OF $2078.13 AND $4220.00 IN ADDITIONAL MONTH'S RENT IN ADVANCE.
  SINCE THE ANNUAL RENT PAID DID NOT EXCEED THE LEGAL MONTHLY RENT MULTIPLIED BY TWELVE, THE OWNER'S ACCEPTANCE OF THE ADVANCE RENT DID NOT CONSTITUTE AN OVERCHARGE.

* REGARDING THE BROKER'S FEE, EVIDENCE SHOWS THAT THE COMPLAINANT ENGAGED JASMINE HOMES HERSELF AND AGREED TO PAY THE BROKER'S FEE CHARGED. THUS, THERE IS NO PROOF THE OWNER CHARGED OR COLLECTED THE BROKER'S FEE FROM THE COMPLAINANT.

```
04/15/2024                NYS DIVISION OF HOUSING AND COMMUNITY RENEWAL                PAGE    4 OF 4
                                 OFFICE OF RENT ADMINISTRATION

                                     CALCULATION CHART FOOTNOTES

DOCKET NO        : GO110062R
```

**\* \* \* \*  G E N E R A L   N O T E S   (CONT.)  \* \* \* \***

* THE LEGAL REGULATED RENT IS ESTABLISHED AT $1,399.00 FOR THE PERIOD ENDING 07/31/2021.
  THE OWNER IS DIRECTED TO BASE ALL FUTURE LEASES AND RENT INCREASES ON THE LEGAL RENT OF $1,399.00 AS ESTABLISHED IN THIS ORDER. HOWEVER, THE COLLECTIBLE RENT IS FROZEN AT $1,136.59 DUE TO THE RENT REDUCTION ORDER.

* TREBLE DAMAGES HAVE BEEN ASSESSED IN THIS PROCEEDING IN ACCORDANCE WITH THE APPLICABLE STATUTES.
  HOWEVER, TREBLE DAMAGES AND INTEREST ARE NOT ASSESSED ON THE OVERCHARGES RESULTING FROM THE SERVICE REDUCTION ORDER BETWEEN THE EFFECTIVE DATE AND THE ISSUE DATE OF DOCKET NO. HM110017B.

* THE OWNER IS DIRECTED TO REFLECT THE FINDINGS AND DETERMINATIONS MADE IN THIS ORDER ON ALL FUTURE REGISTRATION STATEMENTS, CITING THIS ORDER AS THE BASIS FOR THE CHANGE. THE OWNER IS ALSO DIRECTED TO AMEND, WITHIN 60 DAYS OF THE ISSUANCE OF THIS ORDER, ALL REGISTRATIONS ALREADY ON FILE FOR THE SUBJECT APARTMENT FOR YEARS COMMENCING AFTER THE BASE DATE FOR THIS PROCEEDING TO REFLECT THE FINDINGS AND DETERMINATIONS MADE IN THIS ORDER. HOWEVER, IN THE EVENT THAT THE OWNER OR TENANT FILES A PETITION FOR ADMINISTRATIVE REVIEW (PAR) AGAINST THIS ORDER, NO AMENDED REGISTRATIONS SHOULD BE FILED UNTIL AN ORDER IS ISSUED DECIDING THE PAR.

STATE OF NEW YORK
DIVISION OF HOUSING AND COMMUNITY RENEWAL
OFFICE OF RENT ADMINISTRATION
GERTZ PLAZA
92-31 UNION HALL STREET
JAMAICA, NEW YORK 11433

------------------------------------X
IN THE MATTER OF THE
ADMINISTRATIVE APPEAL OF            ADMINISTRATIVE REVIEW
                                    DOCKET NO.: MQ110012RO

                                    RENT ADMINISTRATOR'S
                                    DOCKET NO.: GO110062R

HILLSIDE PARK 168 LLC.,             TENANT: SALEHA SATTAR

         PETITIONER         X
------------------------------------

## ORDER AND OPINION DENYING PETITION FOR ADMINISTRATIVE REVIEW

The petitioner filed an administrative appeal (PAR) against an order issued on April 16, 2024 by the Rent Administrator (RA) concerning the housing accommodation known as Apt. 5C located at 88-15 168th Street, Jamaica, NY which granted the tenant's rent overcharge complaint.

The RA found that the base date for the overcharge was March 19, 2014, a date four years prior to the filing of the overcharge Complaint; that the base date legal regulated rent was $1,125.34 per month; that the owner was entitled to vacancy, longevity and Individual Apartment Improvement (IAI) increases when the complaining tenant first took occupancy on May 1, 2017; however, that the owner included an illegal on-time discount clause in the tenant's lease which impermissibly conditioned continuation of a preferential rent on timely payment; that said illegal clause invalidated any claimed higher legal rent and the legal and collectible rent were set at $1,399 per month as of May 1, 2017; that future rent increases were to be based on this amount; that the collectible rent was later frozen based on a rent reduction order which froze said collectible rent at $1,136.59 per month; that there was overcharging from May 1, 2017 through July 31, 2021 (the last rental payment on record); that the overcharge was $10,428.02 plus treble damages of $4,765.54 plus excess security deposit of $679.13 resulting in a subtotal of $15,872.69; that the owner received an

MQ110012RO

ERAP payment of $21,900 for the tenant's rent for the period March 2020 through July 2021; that a portion of the overcharge was owed to ERAP; that the tenant still had an arrears balance of $21,694.61 as of July 2021 which was shown as a refund against the total amount due to the tenant and which resulted in no money owed to the tenant.

On PAR, the petitioner alleges that pursuant to DHCR Policy Statement 89-2 the RA incorrectly imposed treble damages; that the rent arrears exceeded the amount of overcharges; that treble damages may not be imposed where the owner made a full refund to the tenant; that the RA failed to indicate the reason why treble damages were imposed; that at the time of the commencement of the vacancy lease, DHCR policy permitted the on-time discount clause; and that treble damages should not be imposed when there is a change in the law or of DHCR policy.

The tenant opposed the PAR arguing that petitioner did not issue a refund or rent credit to the tenant so as to qualify for the safe-harbor protections of Policy Statement 89-2; the prior PAR orders cited by the petitioner in which treble damages were not assessed are based on the owner issuing a refund or rent credit; and that the petitioner otherwise failed to prove by a preponderance of the evidence that the overcharge was not willful.

The owner replied that the tenant is trying to introduce new arguments for the first time on appeal; that the time period covered by a rent credit is irrelevant as long as the refund or rent credit occurred; that the circumstances under which a rent credit is given to the tenant are irrelevant as long as there is a rent credit; that there is no rent overcharge where, as in the case herein, the tenant pays less than the legal rent and thus there can be no treble damages; and that the tenant was awarded a windfall.

The Commissioner, having reviewed the evidentiary record, finds that the PAR should be denied.

Recent Appellate Division, Second Department cases have upheld agency determinations that on-time discount clauses are invalid, that such rents did not constitute a preferential rent and that the amount charged by the owner as set forth in the lease becomes the legal regulated rent. See Matter of Kings Park 8809 v. New York State Division of Housing and Community Renewal 200 A.D.3d 959 (N.Y. App. Div. 2021); Matter of Hillside Park 168 LLC. v. New York State of

2

MQ110012RO

<u>Division of Housing and Community Renewal</u> 200 A.D.3d 964 (N.Y. App. Div. 2021) and <u>Matter of One Ninety Sixth St., LLC. v. New York State Division of Housing and Community Renewal</u> 2021 N.Y. Slip Op. 7273 (N.Y. Sup. Ct. 2021). These Second Department cases are in accord with Appellate Division, First Department rulings. See <u>Matter of Bandil Farms Inc. v. New York State Div. of House & Community Renewal</u>, 190 A.D.3d 403 citing <u>Matter of 333 E. 49th Partnership LP. V. New York State Div. of Hous. & Community Renewal</u>, 165 A.D.3d 93, (1st Dept. 2018).

    The Rent Stabilization Law and Code does not permit an owner to raise a preferential rent during the term of an existing lease or tie the lower rent to an on-time payment. Nor does the law allow the higher rent to be invoked (or the preferential rent to be taken away) if a monthly payment is made late. The owner's allegation that DHCR is retroactively applying new law to the original vacancy lease is misplaced. The Appellate Division cases concerning on-time discount clauses did not make new law but merely affirmed the state of the law as it has always been, i.e., that discounted rents conditioned on an on-time payment are improper and that preferential rents may not be revoked mid-lease term. To the extent earlier DHCR orders and lower court rulings provide for a contrary determination, they were made in error and shall not be followed.

    Petitioner has not rebutted the presumption of willful overcharges. The overcharge here was based on rental payments made by, or on behalf of, the tenant which exceeded the rent the owner could have legally collected. Under DHCR Policy Statement 89-2, an owner can rebut the presumption of willful overcharges and avoid treble damages by offering a refund or rent credit of the overcharges plus interest and by adjusting the rent collected to the proper amount. In this case, the owner offered no such refund or rent credit with interest, and did not adjust the rent it was collecting. Rental arrears which may occur during an overcharge period do not rebut the presumption of willful overcharges. They merely act as a refund after the overcharges and penalties have been assessed. This has been DHCR policy for many years and the reasoning behind it is that a tenant actually incurred damages when overpaying the rent and should thus be compensated for those months despite other times during the overcharge period when arrears may occur.

MQ110012RO

The Commissioner has considered the petitioner's remaining contentions and finds them to be without merit.

**THEREFORE,** in accordance with the relevant Rent Regulatory Laws and Regulations, it is

**ORDERED,** that this petition be, and the same hereby is denied, and that the Rent Administrator's order be, and the same hereby is, affirmed.

**ISSUED:**

JAN 2 1 2025

**Woody Pascal**
**Deputy Commissioner**

4



State of New York
**Division of Housing and Community Renewal**
Office of Rent Administration
Gertz Plaza, 92-31 Union Hall Street
Jamaica, NY 11433
Web Site: www.hcr.ny.gov

## Right to Court Appeal

This Deputy Commissioner's order can be further appealed by either party, only by filing a proceeding in court under Article 78 of the Civil Practice Law and Rules seeking judicial review. The deadline for filing this "Article 78 proceeding" with the courts is within 60 days of the issuance date of the Deputy Commissioner's order. This 60-day deadline for appeal may be extended by executive orders at https://governor.ny.gov/executiveorders. No additional time can or will be given. In preparing your papers, please cite the Administrative Review Docket Number which appears on the front page of the attached order. If you file an Article 78 appeal, the law requires that a full copy of your appeal papers be served on each party including the Division of Housing and Community Renewal (DHCR). With respect to DHCR, your appeal must be served on DHCR Counsel's office at 641 Lexington Ave, New York, NY 10022.

There is no other method of appeal.

RA-ICA (11/22)