STATE OF NEW YORK
DIVISION OF HOUSING AND COMMUNITY RENEWAL
OFFICE OF RENT ADMINISTRATION
GERTZ PLAZA
92-31 UNION HALL STREET
JAMAICA, NEW YORK 11433

------------------------------------X
IN THE MATTER OF THE
ADMINISTRATIVE APPEAL OF                ADMINISTRATIVE REVIEW
                                        DOCKET NO.: MQ110012RO

                                        RENT ADMINISTRATOR'S
                                        DOCKET NO.: GO110062R

HILLSIDE PARK 168 LLC.,                 TENANT: SALEHA SATTAR

         PETITIONER           X
------------------------------------

## ORDER AND OPINION DENYING PETITION FOR ADMINISTRATIVE REVIEW

The petitioner filed an administrative appeal (PAR) against an order issued on April 16, 2024 by the Rent Administrator (RA) concerning the housing accommodation known as Apt. 5C located at 88-15 168th Street, Jamaica, NY which granted the tenant's rent overcharge complaint.

The RA found that the base date for the overcharge was March 19, 2014, a date four years prior to the filing of the overcharge Complaint; that the base date legal regulated rent was $1,125.34 per month; that the owner was entitled to vacancy, longevity and Individual Apartment Improvement (IAI) increases when the complaining tenant first took occupancy on May 1, 2017; however, that the owner included an illegal on-time discount clause in the tenant's lease which impermissibly conditioned continuation of a preferential rent on timely payment; that said illegal clause invalidated any claimed higher legal rent and the legal and collectible rent were set at $1,399 per month as of May 1, 2017; that future rent increases were to be based on this amount; that the collectible rent was later frozen based on a rent reduction order which froze said collectible rent at $1,136.59 per month; that there was overcharging from May 1, 2017 through July 31, 2021 (the last rental payment on record); that the overcharge was $10,428.02 plus treble damages of $4,765.54 plus excess security deposit of $679.13 resulting in a subtotal of $15,872.69; that the owner received an

MQ110012RO

ERAP payment of $21,900 for the tenant's rent for the period March 2020 through July 2021; that a portion of the overcharge was owed to ERAP; that the tenant still had an arrears balance of $21,694.61 as of July 2021 which was shown as a refund against the total amount due to the tenant and which resulted in no money owed to the tenant.

On PAR, the petitioner alleges that pursuant to DHCR Policy Statement 89-2 the RA incorrectly imposed treble damages; that the rent arrears exceeded the amount of overcharges; that treble damages may not be imposed where the owner made a full refund to the tenant; that the RA failed to indicate the reason why treble damages were imposed; that at the time of the commencement of the vacancy lease, DHCR policy permitted the on-time discount clause; and that treble damages should not be imposed when there is a change in the law or of DHCR policy.

The tenant opposed the PAR arguing that petitioner did not issue a refund or rent credit to the tenant so as to qualify for the safe-harbor protections of Policy Statement 89-2; the prior PAR orders cited by the petitioner in which treble damages were not assessed are based on the owner issuing a refund or rent credit; and that the petitioner otherwise failed to prove by a preponderance of the evidence that the overcharge was not willful.

The owner replied that the tenant is trying to introduce new arguments for the first time on appeal; that the time period covered by a rent credit is irrelevant as long as the refund or rent credit occurred; that the circumstances under which a rent credit is given to the tenant are irrelevant as long as there is a rent credit; that there is no rent overcharge where, as in the case herein, the tenant pays less than the legal rent and thus there can be no treble damages; and that the tenant was awarded a windfall.

The Commissioner, having reviewed the evidentiary record, finds that the PAR should be denied.

Recent Appellate Division, Second Department cases have upheld agency determinations that on-time discount clauses are invalid, that such rents did not constitute a preferential rent and that the amount charged by the owner as set forth in the lease becomes the legal regulated rent. See Matter of Kings Park 8809 v. New York State Division of Housing and Community Renewal 200 A.D.3d 959 (N.Y. App. Div. 2021); Matter of Hillside Park 168 LLC. v. New York State of

MQ110012RO

<u>Division of Housing and Community Renewal</u> 200 A.D.3d 964 (N.Y. App. Div. 2021) and <u>Matter of One Ninety Sixth St., LLC. v. New York State Division of Housing and Community Renewal</u> 2021 N.Y. Slip Op. 7273 (N.Y. Sup. Ct. 2021). These Second Department cases are in accord with Appellate Division, First Department rulings. See <u>Matter of Bandil Farms Inc. v. New York State Div. of House & Community Renewal</u>, 190 A.D.3d 403 citing <u>Matter of 333 E. 49th Partnership LP. V. New York State Div. of Hous. & Community Renewal</u>, 165 A.D.3d 93, (1st Dept. 2018).

    The Rent Stabilization Law and Code does not permit an owner to raise a preferential rent during the term of an existing lease or tie the lower rent to an on-time payment. Nor does the law allow the higher rent to be invoked (or the preferential rent to be taken away) if a monthly payment is made late. The owner's allegation that DHCR is retroactively applying new law to the original vacancy lease is misplaced. The Appellate Division cases concerning on-time discount clauses did not make new law but merely affirmed the state of the law as it has always been, i.e., that discounted rents conditioned on an on-time payment are improper and that preferential rents may not be revoked mid-lease term. To the extent earlier DHCR orders and lower court rulings provide for a contrary determination, they were made in error and shall not be followed.

    Petitioner has not rebutted the presumption of willful overcharges. The overcharge here was based on rental payments made by, or on behalf of, the tenant which exceeded the rent the owner could have legally collected. Under DHCR Policy Statement 89-2, an owner can rebut the presumption of willful overcharges and avoid treble damages by offering a refund or rent credit of the overcharges plus interest and by adjusting the rent collected to the proper amount. In this case, the owner offered no such refund or rent credit with interest, and did not adjust the rent it was collecting. Rental arrears which may occur during an overcharge period do not rebut the presumption of willful overcharges. They merely act as a refund after the overcharges and penalties have been assessed. This has been DHCR policy for many years and the reasoning behind it is that a tenant actually incurred damages when overpaying the rent and should thus be compensated for those months despite other times during the overcharge period when arrears may occur.

MQ110012RO

The Commissioner has considered the petitioner's remaining contentions and finds them to be without merit.

**THEREFORE,** in accordance with the relevant Rent Regulatory Laws and Regulations, it is

**ORDERED,** that this petition be, and the same hereby is denied, and that the Rent Administrator's order be, and the same hereby is, affirmed.

**ISSUED:**
JAN 2 1 2025

**Woody Pascal**
**Deputy Commissioner**



State of New York
**Division of Housing and Community Renewal**
Office of Rent Administration
Gertz Plaza, 92-31 Union Hall Street
Jamaica, NY 11433
Web Site  www.hcr.ny.gov

## Right to Court Appeal

This Deputy Commissioner's order can be further appealed by either party, only by filing a proceeding in court under Article 78 of the Civil Practice Law and Rules seeking judicial review. The deadline for filing this "Article 78 proceeding" with the courts is within 60 days of the issuance date of the Deputy Commissioner's order. This 60-day deadline for appeal may be extended by executive orders at https://governor.ny.gov/executiveorders. No additional time can or will be given. In preparing your papers, please cite the Administrative Review Docket Number which appears on the front page of the attached order. If you file an Article 78 appeal, the law requires that a full copy of your appeal papers be served on each party including the Division of Housing and Community Renewal (DHCR). With respect to DHCR, your appeal must be served on DHCR Counsel's office at 641 Lexington Ave, New York, NY 10022.

There is no other method of appeal.

RA-ICA (11/22)