FILED: QUEENS CIVIL COURT - L&T 12/06/2024 12:49 PM    INDEX NO. LT-319345-24/QU [HO]
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 12/06/2024

Case 1:25-cv-06035-OEM-CHK   Document 1-7   Filed 10/28/25   Page 1 of 12 PageID #: 104

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: HOUSING PART

Hillside Park 168 LLC
Petitioner (Landlord),
    -against-
Saleha Sattar,
Address: 88-15 168th Street, Apt. # 5C
Jamaica, NY 11432
Respondents/Tenants,

"John Doe" & "Jane Doe", Sarowar Hossaine
Address: 88-15 168th Street, Apt. # 5C
Jamaica, NY 11432
Respondents/ Undertenants

Index No. L&T _____ /2024

Holdover Petition-
Residential Dwelling

Hon.

The petition of Hillside Park 168 LLC, by and through its attorney, Michael R. Cohen, Esq., hereby affirms the following upon penalty of perjury pursuant to the CPLR:

1. Petitioner is the Owner/Landlord of building containing Apt. # 5C, 88-15 168th Street, Jamaica, NY 11432 ("Premises") and is organized under the laws of the State of New York as a Limited Liability Company.

2. Rajesh A. Subraj is a Member of Hillside Park 168 LLC and has the authorization to commence this proceeding on behalf of Petitioner.

3. Respondent Saleha Sattar, was a tenant of the Petitioner by way of a lease, dated May 1, 2017 ("Lease").

4. Upon information and belief, Respondents Sarowar Hossaine, "John Doe" & "Jane Doe" are undertenants of the aforementioned respondent-tenant.

5. The Premises are described as follows: all rooms in the space designated as Apt. # 5C, on the 5th Floor, of the building located 88-15 168th Street, Apt. # 5C Jamaica, NY 11432 which is situated within the territorial jurisdiction of the Civil Court of the City of New York, County of Queens, State of New York.

6. Pursuant to a Notice Terminating Tenancy dated October 28, 2024, and served on November 1, 2024, the term for which said Premises were leased to and permitted to be occupied by respondents expired on November 30, 2024 (copy of Notice Terminating Tenancy and Affidavit of Service of the Notice Terminating Tenancy annexed hereto and made a part of this petition).

7. Respondent's tenancy was terminated in compliance with the notice requirements of 9 N.Y.C.R.R § 2524.2(c)(1) on the ground provided for in 9 N.Y.C.R.R § 2524.3(f) wherein

FILED: QUEENS CIVIL COURT - L&T 12/06/2024 12:49 PM    INDEX NO. LT-319345-24/QU [HO]
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 12/06/2024

Case 1:25-cv-06035-OEM-CHK   Document 1-7   Filed 10/28/25   Page 1 of 12 PageID #: 104

York other than the Premises sought to be recovered.

13. Respondent/occupant Saleha Sattar, failed to pay the rent/use and occupancy during which no rent is due for the fair value of possession of the Premises in the monthly amount of $1,399.00 per month as per accounting attached here to and made part of this petition for a total of $83,355.74, that is due to the Petitioner.

14. The Premises sought to recover is used solely for dwelling purposes.

**WHEREFORE**, petitioner seeks a final judgment of possession in favor of petitioner and against all of the respondents; Saleha Sattar, "John Doe" & "Jane Doe", Sarowar Hossaine and a money judgment against respondents, for rent and the use and occupancy in the amount of $83,355.74 with interest from February 1, 2020, plus costs and disbursements.

Dated: Queens, New York
      December 5, 2024

Michael R. Cohen, Esq.

## NOTICE TERMINATING TENANCY

Address of Property: 88-15 168th Street, Apt. # 5C
Jamaica, NY 11432

Rooms: All    Floor: 5th
Used for dwelling purposes

(COPY)

TO:    Tenant(s):
Saleha Sattar
88-15 168th Street, Apt. # 5C
Jamaica, NY 11432

Undertenants:
"John Doe", "Jane Doe"
Sarowar Hossaine
88-15 168th Street, Apt. # 5C
Jamaica, NY 11432

To all of the above-named persons and to all person occupying the premises 88-15 168th Street, Apt. # 5C, Jamaica, NY 11432 ("Apartment").

Pursuant to 9 N.Y.C.R.R. § 2524.2(c)(1) in the case of a notice based upon subdivision 9 N.Y.C.R.R. 2524.3(f) you are hereby notified that the owner/landlord terminates your tenancy for the above-referenced Apartment on the following ground;

(1) **The section under 9 N.Y.C.R.R. § 2524.4 or 2524.3 of this Part upon which the owner relies for removal or eviction of the tenant;**

Based upon 9 N.Y.C.R.R. § 2524.3(f) you have refused, following notice pursuant to section 9 N.Y.C.R.R. §2523.5 of this Title, to renew an expiring lease in the manner prescribed in such notice at the legal regulated rent authorized under this Code and the RSL, and otherwise upon the same terms and conditions as the expiring lease.

(2) **The facts necessary to establish the existence of such ground.**

On **April 22, 2024**, a renewal lease was mailed by regular mail and you have failed to return the executed renewal lease prior to the expiration of your lease; whereas said lease was mailed in compliance with the requirements of 9 N.Y.C.R.R. § 2523.5.

(3) **The date when the tenant is required to surrender possession.**

You are hereby required to surrender possession of the Apartment by **November 30, 2024**. Upon your failure to comply the owner/landlord will commence a summary proceeding for possession of the apartment and the reasonable use and occupancy of the apartment.

RPAPL 735(1)(a) Service
Sarowar Hossaine
47-Wheeler Rd.
Wayne NJ, 07470-0209

1201 Ocean Parkway, Apt # 2B
Brooklyn, NY 11230

1608 Ocean Parking, Apt # 5B
Brooklyn, NY 11230

Dated: Queens, New York
October 28, 2024

9589 0710 5270 0859 6225 80

9589 0710 5270 0859 6227 71

By: RAJESH A. SUBRAJ, Member
Hillside Park 168 LLC, Owner/Landlord

Green & Cohen, P.C.
Michael R Cohen, Esq.
Attorney for Owner/Landlord
166-07 Hillside Ave Suite #2
Jamaica, New York 11432
(718) 291-3331

9589 0710 5270 0859 6226 03
9589 0710 5270 0859 6227 57        9589 0710 5270 0859 6227 95
9589 0710 5270 0859 6225 97        9589 0710 5270 0859 6227 88

FILED: QUEENS CIVIL COURT - L&T 12/06/2024 12:49 PM  INDEX NO. LT-319345-24/QU [HO]
NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 12/06/2024

Case 1:25-cv-06035-OEM-CHK    Document 1-7    Filed 10/28/25    Page 3 of 12 PageID #: 106

## AFFIDAVIT OF SERVICE

**State of New York**        **County of Queens**        **Housing Part**        **Civil Court**

Index Number:
Date Filed:

Petitioner/Landlord:
**Hillside Park 168 LLC**

vs.

Tenant/Respondent:
**Saleha Sattar**

Undertenants:
**"John Doe" & "Jane Doe",
Sarowar Hossaine**

For:

Michael R. Cohen, Esq.
319 East 91st Street, Prof. Suite
New York, NY, 10128

I, **Mark Sukhnanan**, being duly sworn, depose and say:

Your deponent is licensed by the City of New York, Department of Consumer Affairs to complete service of process within the City of New York.

Your deponent made inquiries with the Management Office seeking information as to respondents' work schedules or business addresses so that the attempts at personal service were made during hours when it reasonably could have been expected that respondents would be at; **88-15 168th Street, Apt. # 5C, Jamaica, NY 11432** (hereinafter referred to as the "Premises") respondent(s) dwelling place.

Your deponent attempted to serve **Saleha Sattar, "John Doe" & "Jane Doe" Sarowar Hossaine**, the **Notice Terminating Tenancy** by personal service or by serving a person of suitable age and discretion at Premises.

Specifically, on the following times and dates your deponent made the following attempts at personal service or suitable age and discretion service at the Premises: **1st Attempt - 10/31/2024 at 9:53 am : 2nd Attempt - 10/31/2024 at 7:14 pm** by going to the Premises and knocking on the door where, after waiting for a reasonable period of time for someone to respond, no one responded to my knocking.

On **10/31/2024 at 7:14**, being unable to complete service by either personal service or service upon a person of suitable age and discretion at the Premises your deponent affixed true copies of the **Notice Terminating Tenancy** to the entrance door of the Premises for **Saleha Sattar, " John Doe" & "Jane Doe" Sarowar Hossaine.**

On **11/01/2024** your deponent used the First Class Mail and Certified Mail services of the United States Postal Service to mail true copies of the **Notice Terminating Tenancy**, by placing a sufficient number of copies into envelopes each with sufficient postage affixed by placing these envelopes into the custody and care of the U.S.P.S. in the county of Queens, New York addressed to the Premises for each of the following respondents: **Saleha Sattar, "John Doe" & "Jane Doe" Sarowar Hossaine**

Additional mailing of the **Notice Terminating Tenancy** was also mailed to **Sarowar Hossaine** on 11/01/2024 to the following addresses: 47-Wheeler Rd, Wayne NJ, 07470-0209; 1201 Ocean Parkway, Apt: #2B, Brooklyn, NY 11230; 1608 Ocean Parkway, Apt: # 5B, Brooklyn, NY 11230.

Dated: Queens, New York
November 1, 2024

Subscribed and Sworn to before me on the 1st day of November, 2024

**Mark Sukhnanan**
2117789-DCWP
Job Serial Number: 2024003756
Ref: 38-5C

NOTARY PUBLIC

Copyright © 1992-2011 Database Services, Inc - Process Server's Toolbox V6.5m

NOTARY PUBLIC, STATE OF NEW YORK
Registration No. [illegible]
Qualified in New York County
Commission Expires [illegible]

Sale, Madara and Sorcia et Nostane
88-15 168th Street, Apt. # 5C
Jamaica, NY 11432
12/2/2024

| DATE | DESCRIPTION | LEGAL RENT | PREF. RENT | RENT CHARGED | PAID | MONTHLY BALANCE | CUMULATIVE BALANCE |
|---|---|---|---|---|---|---|---|
| 1/1/2020 | Monthly Rent (01/2020) | | | | | | |
| 1/5/2020 | chk# ACH-415408 Pre-Authorized Payment | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | | | |
| 2/1/2020 | FEB 2020 USE AND OCCUPANCY | | | | $ (1,460.00) | $ (61.00) | $ (61.00) |
| | | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 1,338.00 |
| 3/1/2020 | MAR 2020 USE AND OCCUPANCY | | | | | | |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | | | |
| 4/1/2020 | APRIL 2020 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 1,600.41 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 5/1/2020 | MAY 2020 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 1,862.82 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 6/1/2020 | JUNE 2020 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 2,125.23 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 7/1/2020 | JULY 2020 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 2,387.64 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 8/1/2020 | AUGUST 2020 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 2,650.05 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 9/1/2020 | SEPTEMBER 2020 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 2,912.46 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 10/1/2020 | OCTOBER 2020 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 3,174.87 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 11/1/2020 | NOVEMBER 2020 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 3,437.28 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 12/1/2020 | DECEMBER 2020 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 3,699.69 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 1/1/2021 | JANUARY 2021 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 3,962.10 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 2/1/2021 | FEBRUARY 2021 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 4,224.51 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 3/1/2021 | MARCH 2021 USE AND OCCUPANCY | $ (1,136.59) | | | | | |
| | | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 5,623.51 |
| 4/1/2021 | APRIL 2021 USE AND OCCUPANCY | | | | | | |
| | | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 7,022.51 |
| 5/1/2021 | MAY 2021 USE AND OCCUPANCY | | | | | | |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 6/1/2021 | JUNE 2021 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 7,284.92 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 7/1/2021 | JULY 2021 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 7,547.33 |
| 3/21/2022 | ERAP PAYMENT | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | | |
| 8/1/2021 | AUGUST 2021 USE AND OCCUPANCY | $ (1,136.59) | | | | $ 262.41 | $ 7,809.74 |
| | | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 9,208.74 |
| 9/1/2021 | SEPTEMBER 2021 USE AND OCCUPANCY | | | | | | |
| | | $ 2,130.08 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 10,607.74 |
| 10/1/2021 | OCTOBER 2021 USE AND OCCUPANCY - MCI INCREASE | | | | | | |
| | | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 12,006.74 |
| 11/1/2021 | NOVEMBER 2021 USE AND OCCUPANCY | | | | | | |
| | | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 13,405.74 |
| 12/1/2021 | DECEMBER 2021 USE AND OCCUPANCY | | | | | | |
| | | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 14,804.74 |
| 1/1/2022 | JANUARY 2022 USE AND OCCUPANCY | | | | | | |
| | | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 16,203.74 |
| 2/1/2022 | FEBRUARY 2022 USE AND OCCUPANCY | | | | | | |
| | | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 17,602.74 |

Saleha Sattar AND Sorowar Hossain
89-05 168th Street, Apt. # 5C
Jamaica, NY 11432

12/2/2024

| DATE | DESCRIPTION | LEGAL RENT | PREF. RENT | RENT CHARGED | PAID | MONTHLY BALANCE | CUMULATIVE BALANCE |
|---|---|---|---|---|---|---|---|
| 3/1/2022 | MARCH 2022 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 19,001.74 |
| 4/1/2022 | APRIL 2022 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 20,400.74 |
| 5/1/2022 | MAY 2022 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 21,799.74 |
| 6/1/2022 | JUNE 2022 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 23,198.74 |
| 7/1/2022 | JULY 2022 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 24,597.74 |
| 8/1/2022 | AUG 2022 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 25,996.74 |
| 9/1/2022 | SEPT 2022 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 27,395.74 |
| 10/1/2022 | OCT 2022 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 28,794.74 |
| 11/1/2022 | NOV 2022 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 30,193.74 |
| 12/1/2022 | DEC 2022 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 31,592.74 |
| 1/1/2023 | JAN 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 32,991.74 |
| 2/1/2023 | FEB 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 34,390.74 |
| 3/1/2023 | MAR 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 35,789.74 |
| 4/1/2023 | APR 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 37,188.74 |
| 5/1/2023 | MAY 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 38,587.74 |
| 6/1/2023 | JUNE 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 39,986.74 |
| 7/1/2023 | JULY 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 41,385.74 |
| 8/1/2023 | AUG 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 42,784.74 |
| 9/1/2023 | SEP 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 44,183.74 |
| 10/1/2023 | OCT 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 45,582.74 |
| 11/1/2023 | NOV 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 46,981.74 |
| 12/1/2023 | DEC 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 48,380.74 |
| 1/1/2024 | JAN 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 49,779.74 |
| 2/1/2024 | FEB 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 51,178.74 |
| 2/1/2023 | FEB 2023 USE AND OCCUPANCY | | | | | | |
| 3/1/2023 | MAR 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 52,577.74 |
| 4/1/2023 | APR 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 53,976.74 |
| 5/1/2023 | MAY 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 55,375.74 |
| 6/1/2023 | JUNE 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 56,774.74 |
| | | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 58,173.74 |

Salcha Sattar AND Sorowar Hossaine
88-15 168th Street, Apt. # 5C
Jamaica, NY 11432

12/2/2024

| DATE | DESCRIPTION | LEGAL RENT | PREF. RENT | RENT CHARGED | PAID | MONTHLY BALANCE | CUMULATIVE BALANCE |
|---|---|---|---|---|---|---|---|
| 7/1/2023 | JULY 2023 USE AND OCCUPANCY | | | | | | |
| 8/1/2023 | AUGUST 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 59,572.74 |
| 9/1/2023 | SEPTEMBER 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 60,971.74 |
| 10/1/2023 | OCTOBER 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 62,370.74 |
| 11/1/2023 | NOVEMBER 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 63,769.74 |
| 12/1/2023 | DECEMBER 2023 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 65,168.74 |
| 1/1/2024 | JANUARY 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 66,567.74 |
| 2/1/2024 | FEBRUARY 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 67,966.74 |
| 3/1/2024 | MARCH 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 69,365.74 |
| 4/1/2024 | APRIL 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 70,764.74 |
| 5/1/2024 | MAY 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 72,163.74 |
| 6/1/2024 | JUNE 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 73,562.74 |
| 7/1/2024 | JULY 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 74,961.74 |
| 8/1/2024 | AUGUST 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 76,360.74 |
| 9/1/2024 | SEPTEMBER 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 77,759.74 |
| 10/1/2024 | OCTOBER 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 79,158.74 |
| 11/1/2024 | NOVEMBER 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 80,557.74 |
| 12/1/2024 | DECEMBER 2024 USE AND OCCUPANCY | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 81,956.74 |
| | | $ 2,208.16 | $ 1,460.00 | $ 1,399.00 | $ - | $ 1,399.00 | $ 83,355.74 |
| | **RENT/USE AND OCCUPANCY/CHARGED/PAID/BALANCE DUE** | $ 142,507.15 | $ 106,580.00 | $ 102,127.00 | $ (1,460.00) | $ 83,355.74 | |

FILED: QUEENS CIVIL COURT - L&T 12/06/2024 12:49 PM         INDEX NO. LT-319345-24/QU [HO]
NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 12/06/2024

Case 1:25-cv-06035-OEM-CHK    Document 1-7    Filed 10/28/25    Page 7 of 12 PageID #: 110

## NOTICE TO TENANT OF APPLICABILITY OR INAPPLICABILITY OF THE NEW YORK STATE GOOD CAUSE EVICTION LAW

This notice from your landlord serves to inform you of whether or not your unit/apartment/home is covered by the New York State Good Cause Eviction Law (Article 6-A of the Real Property Law) and, if applicable, the reason permitted under the New York State Good Cause Eviction Law that your landlord is not renewing your lease. Even if your apartment is not protected by Article 6-A, known as the New York State Good Cause Eviction Law, you may have other rights under other local, state, or federal laws and regulations concerning rents and evictions. This notice, which your landlord is required to fill out and give to you, does not constitute legal advice. You may wish to consult a lawyer if you have any questions about your rights under the New York State Good Cause Eviction Law or about this notice.

The sending of this notice does not vitiate any prior litigation notices or pleading served upon you, nor does the sending of this notice serve to revive or reinstate any previously terminated tenancy. The word "tenant" as recited in the notice is solely for identification purposes and not a statement of legal status. No admissions or concessions of an owner right or remedy may be construed from the text or sending of this notice.

**NOTICE (THIS SHOULD BE FILLED OUT BY YOUR LANDLORD)**
**UNIT INFORMATION**
**TENANT(S) NAME:** Saleha Sattar,
**STREET:** 88-15 168th Street,
**UNIT OR APARTMENT NUMBER:** Apt. # 5C
**CITY/TOWN/VILLAGE:** Jamaica
**STATE:** NY
**ZIP CODE:** 11432

1. IS THIS UNIT SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW? (PLEASE MARK APPLICABLE ANSWER)

    ____ YES

    __X__ NO

2. IF THE UNIT IS EXEMPT FROM ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, WHY IS IT EXEMPT FROM THAT LAW? (PLEASE MARK ALL APPLICABLE EXEMPTIONS)

A. Village/Town/City outside of New York City has not adopted good cause eviction under section 213 of the Real Property Law;

B. Unit is owned by a "small landlord," as defined in subdivision 3 of section 211 of the Real Property Law, who owns no more than 10 units for small landlords located in New York City or the number of units established as the maximum amount a "small landlord" can own in the state by a local law of a village, town, or city, other than New York City, adopting the provisions of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, or no more than 10 units, as applicable. In connection with any eviction proceeding in which the landlord claims an exemption from the provisions of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, on the basis of being a small landlord, the landlord shall provide to the tenant or tenants subject to the proceeding the name of each natural person who owns or is a beneficial owner of, directly or indirectly, in whole or in part, the housing accommodation at issue in the proceeding, the number of units owned, jointly or separately, by each such natural person owner, and the addresses of any such units, excluding each natural person owner's principal residence. If the landlord is an entity, organized under the laws of this state or of any other jurisdiction, then such landlord shall provide to the tenant or tenants subject to the proceeding the name of each natural person with a direct or indirect ownership interest in such entity or any affiliated entity, the number of units owned, jointly or separately, by each such natural person owner, and the addresses of any such units, excluding each natural person owner's principal residence (exemption under subdivision 1 of section 214 of the Real Property Law);

C. Unit is located in an owner-occupied housing accommodation with no more than 10 units (exemption under subdivision 2 of section 214 of the Real Property Law);

D. Unit is subject to regulation of rents or evictions pursuant to local, state, or federal law (exemption under subdivision 5 of section 214 of the Real Property Law);

E. Unit must be affordable to tenants at a specific income level pursuant to statute, regulation, restrictive declaration, or pursuant to a regulatory agreement with a local, state, or federal government entity (exemption under subdivision 6 of section 214 of the Real Property Law);

F. Unit is on or within a housing accommodation owned as a condominium or cooperative, or unit is on or within a housing accommodation subject to an offering plan submitted to the office of the attorney general (exemption under subdivision 7 of section 214 of the Real Property Law);

G. Unit is in a housing accommodation that was issued a temporary or permanent certificate of occupancy within the past 30 years (only if building received the certificate on or after January 1st, 2009) (exemption under subdivision 8 of section 214 of the Real Property Law);

H. Unit is a seasonal use dwelling unit under subdivisions 4 and 5 of section 7-108 of the General Obligations Law (exemption under subdivision 9 of section 214 of the Real Property Law);

I. Unit is in a hospital as defined in subdivision 1 of section 2801 of the Public Health Law, continuing care retirement community licensed pursuant to Article 46 or 46-A of the Public Health Law, assisted living residence licensed pursuant to Article 46-B of the Public Health Law, adult care facility licensed pursuant to Article 7 of the Social Services Law, senior residential community that has submitted an offering plan to the attorney general, or not-for-profit independent retirement community that offers personal emergency response, housekeeping, transportation and meals to their residents (exemption under subdivision 10 of section 214 of the Real Property Law);

J. Unit is a manufactured home located on or in a manufactured home park as defined in section 233 of the Real Property Law (exemption under subdivision 11 of section 214 of the Real Property Law);

K. Unit is a hotel room or other transient use covered by the definition of a class B multiple dwelling under subdivision 9 of section 4 of the Multiple Dwelling Law (exemption under subdivision 12 of section 214 of the Real Property Law);

L. Unit is a dormitory owned and operated by an institution of higher education or a school (exemption under subdivision 13 of section 214 of the Real Property Law);

M. Unit is within and for use by a religious facility or institution (exemption under subdivision 14 of section 214 of the Real Property Law);

N. Unit has a monthly rent that is greater than the percent of fair market rent established in a local law of a village, town, or city, other than New York City, adopting the provisions of Article 6-A of the Real Property Law, known as the New York Good Cause Eviction Law, or 245 percent of the fair market rent, as applicable. Fair market rent refers to the figure published by the United States Department of Housing and Urban Development, for the county in which the housing accommodation is located, as shall be published by the Division of Housing and Community Renewal no later than August 1st in any given year. The Division of Housing and Community Renewal shall publish the fair market rent and 245 percent of the fair market rent for each unit type for which such fair market rent is published by the United States Department of Housing and Urban Development for each county in New York State in the annual publication required pursuant to subdivision 7 of section 211 of the Real Property Law (exemption under subdivision 15 of section 214 of the Real Property Law);

3. IF THIS UNIT IS SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, AND THIS NOTICE SERVES TO INFORM A TENANT THAT THE LANDLORD IS INCREASING THE RENT ABOVE THE THRESHOLD FOR PRESUMPTIVELY UNREASONABLE RENT INCREASES, WHAT IS THE LANDLORD'S JUSTIFICATION FOR INCREASING THE RENT ABOVE THE THRESHOLD FOR PRESUMPTIVELY UNREASONABLE RENT INCREASES? (A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of: (a) 5 percent plus the annual percentage change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published not later than August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent.)

(PLEASE MARK AND FILL OUT THE APPLICABLE RESPONSE)

A. The rent is not being increased above the threshold for presumptively unreasonable rent increases described above:

B. The rent is being increased above the threshold for presumptively unreasonable rent increases described above:

B-1: If the rent is being increased above the threshold for presumptively unreasonable

FILED: QUEENS CIVIL COURT - L&T 12/06/2024 12:49 PM                INDEX NO. LT-319345-24/QU [HO]
NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 12/06/2024

Case 1:25-cv-06035-OEM-CHK    Document 1-7    Filed 10/28/25    Page 9 of 12 PageID #: 112

rent increases described above, what is the justification for the increase:

4. IF THIS UNIT IS SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, AND THIS NOTICE SERVES TO INFORM A TENANT THAT THE LANDLORD IS NOT RENEWING A LEASE, WHAT IS THE GOOD CAUSE FOR NOT RENEWING THE LEASE? (PLEASE MARK ALL APPLICABLE REASONS)

A. This unit is exempt from Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, for the reasons stated in response to question 2, above (IF THIS ANSWER IS CHECKED, NO OTHER ANSWERS TO THIS QUESTION SHOULD BE CHECKED):

B. The tenant is receiving this notice in connection with a first lease or a renewal lease, so the landlord does not need to check any of the lawful reasons listed below for not renewing a lease under Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law (IF THIS ANSWER IS CHECKED, NO OTHER ANSWERS TO THIS QUESTION SHOULD BE CHECKED):

C. The landlord is not renewing the lease because the unit is sublet and the sublessor seeks in good faith to recover possession of the unit for their own personal use and occupancy (exemption under subdivision 3 of section 214 of the Real Property Law):

D. The landlord is not renewing the lease because the possession, use or occupancy of the unit is solely incident to employment and the employment is being or has been lawfully terminated (exemption under subdivision 4 of section 214 of the Real Property Law):

E. The landlord is not renewing the lease because the tenant has failed to pay rent due and owing, and the rent due or owing, or any part there- of, did not result from a rent increase which is unreasonable. A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of: (a) 5 percent plus the annual percentage change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published not later than August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent (good cause for eviction under paragraph a of subdivision 1 of section 216 of the Real Property Law):

F. The landlord is not renewing the lease because the tenant is violating a substantial obligation of their tenancy or breaching any of the landlord's rules and regulations governing the premises, other than the obligation to surrender possession of the premises, and the tenant has failed to cure the violation after written notice that the violation must cease within 10 days of receipt of the written notice. For this good cause to apply, the obligation of the tenant violated cannot be an obligation that was imposed for the purpose of circumventing the intent of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law. The landlord's rules or regulations that the tenant has violated also must be reasonable and have been accepted in writing by the tenant or made a part of the lease at the beginning of the lease term (good cause for eviction under paragraph b of subdivision 1 of section 216 of the Real Property Law):

G. The landlord is not renewing the lease because the tenant is either (a) committing or permitting a nuisance on the unit or the premises; (b) maliciously or grossly negligently causing substantial damage to the unit or the premises; (c) interfering with the landlord's, another tenant's, or occupants of the same or an adjacent building or structure's comfort and safety (good cause for eviction under paragraph c of subdivision 1 of section 216 of the Real Property Law):

H. The landlord is not renewing the lease because the tenant's occupancy of the unit violates law, and the landlord is subject to civil or criminal penalties for continuing to let the tenant occupy the unit. For this good cause to apply, a state or municipal agency having jurisdiction must have issued an order requiring the tenant to vacate the unit. No tenant shall be removed from possession of a unit on this basis unless the court finds that the cure of the violation of law requires the removal of the tenant and that the landlord did not, through neglect or deliberate action or failure to act, create the condition necessitating the vacate order. If the landlord does not try to cure the conditions causing the violation of the law, the tenant has the right to pay or secure payment, in a manner satisfactory to the court, to cure the violation. Any tenant expenditures to cure the violation shall be applied against rent owed to the landlord. Even if removal of a tenant is absolutely essential to the tenant's health and safety, the tenant shall be entitled to resume possession at such time as the dangerous conditions have been removed. The tenant also retains the right to bring an action for monetary damages against the landlord or to otherwise compel the landlord to comply with all applicable state or municipal housing codes (good cause for eviction under paragraph d of subdivision 1 of section 216 of the Real Property Law):

I. The landlord is not renewing the lease because the tenant is using or permitting the unit or premises to be used for an illegal purpose (good cause for eviction under paragraph e of subdivision 1 of section 216 of the Real Property Law):

J. The landlord is not renewing the lease because the tenant has unreasonably refused the landlord access to

FILED: QUEENS CIVIL COURT - L&T 12/06/2024 12:49 PM INDEX NO. LT-319345-24/QU [HO]
NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 12/06/2024

Case 1:25-cv-06035-OEM-CHK    Document 1-7    Filed 10/28/25    Page 10 of 12 PageID #: 113

the unit for the purposes of making necessary repairs or improvements required by law or for the purposes of showing the premises to a prospective purchaser, mortgagee, or other person with a legitimate interest in the premises (good cause for eviction under paragraph f of subdivision 1 of section 216 of the Real Property Law):

K. The landlord is not renewing the lease because the landlord seeks in good faith to recover possession of the unit for the landlord's personal use and occupancy as the landlord's principal residence, or for the personal use and occupancy as a principal residence by the landlord's spouse, domestic partner, child, stepchild, parent, step-parent, sibling, grandparent, grandchild, parent-in-law, or sibling-in-law. The landlord can only recover the unit for these purposes if there is no other suitable housing accommodation in the building that is available. Under no circumstances can the landlord recover the unit for these purposes if the tenant is (a) 65 years old or older; or (b) a "disabled person" as defined in subdivision 6 of section 211 of the Real Property Law. To establish this good cause in an eviction proceeding, the landlord must establish good faith to recover possession of a housing accommodation for the uses described herein by clear and convincing evidence (good cause for eviction under paragraph g of subdivision 1 of section 216 of the Real Property Law);

L. The landlord is not renewing the lease because the landlord in good faith seeks to demolish the housing accommodation. To establish this good cause in an eviction proceeding, the landlord must establish good faith to demolish the housing accommodation by clear and convincing evidence (good cause for eviction under paragraph h of subdivision 1 of section 216 of the Real Property Law):

M. The landlord is not renewing the lease because the landlord seeks in good faith to withdraw the unit from the housing rental market. To establish this good cause in an eviction proceeding, the landlord must establish good faith to withdraw the unit from the rental housing market by clear and convincing evidence (good cause for eviction under paragraph i of subdivision 1 of section 216 of the Real Property Law):

The landlord is not renewing the lease because the tenant has failed to agree to reasonable changes at lease renewal, including reasonable increases in rent, and the landlord gave written notice of the changes to the lease to the tenant at least 30 days, but no more than 90 days, before the current lease expired. A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of: (a) 5 percent plus the annual percentage change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published by August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent (good cause for eviction under paragraph j of subdivision 1 of section 216 of the Real Property Law):

FILED: QUEENS CIVIL COURT - L&T 12/06/2024 12:49 PM INDEX NO. LT-319345-24/QU [HO]
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 12/06/2024

Case 1:25-cv-06035-OEM-CHK    Document 1-7    Filed 10/28/25    Page 11 of 12 PageID #: 114

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: HOUSING PART

Hillside Park 168 LLC
Petitioner (Landlord),
    -against-
Saleha Sattar,
Address: 88-15 168th Street, Apt. # 5C
Jamaica, NY 11432
Respondents/Tenants,

"John Doe" & "Jane Doe", Sarowar Hossaine
Address: 88-15 168th Street, Apt. # 5C
Jamaica, NY 11432
Respondents/ Undertenants

Index No. L&T _____ 2024

Verification of Petition
Holdover-Dwelling

## VERIFICATION OF PETITION

State of New York   )
                     ) ss:
County of Queens   )

The undersigned, RAJESH A. SUBRAJ, being duly and sworn, deposes and says:

1. Your deponent is a Member of Petitioner (Petitioner is a limited liability company) and has the authorization to commence this proceeding on behalf of the petitioner.

2. Your deponent has read the petition, and the contents of the petition are true to the deponent's own knowledge, except as to those matters which are alleged upon information and belief, and as to such matters the deponent believes them to be true based upon the books and records of petitioner and information provided to your deponent by employees of petitioner; and that the reason this verification is not made by Petitioner is that Petitioner is a limited liability company and the deponent is a member thereof.

3. I hereby authorize Michael R. Cohen, Esq. to appear in this proceeding as the attorney-of-record for Hillside Park 168 LLC.

Dated: Queens, New York
December 5, 2024

RAJESH A. SUBRAJ, Member
Hillside Park 168 LLC

Sworn to before me this
December 5, 2024

_____
NOTARY PUBLIC

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: HOUSING PART

Hillside Park 168 LLC
Petitioner (Landlord),

-against-

Salcha Sattar,
Address: 88-15 168th Street, Apt. # 5C
Jamaica, NY 11432
Respondents/Tenants,

"John Doe" & "Jane Doe", Sarowar Hossaine
Address: 88-15 168th Street, Apt. # 5C
Jamaica, NY 11432
Respondents/ Undertenants

Index No. L&T _____ 2024

# PETITION
# HOLDOVER-DWELLING

AMOUNT CLAIMED    $

Notice of
Petition served on --------------------------------------

Notice of
Petition returned on --------------------------------------

Notice of
Petition issued on--------------------------------------

Tenant appears on--------------------------------------

Answer is --------------------------------------
--------------------------------------

Set for Trial on --------------------------------------

Landlord notified on --------------------------------------

Tenant notified on --------------------------------------

Sufficiency of answer referred
To court --------------------------------------

Raises -------------------------------------- issues

-------------------------------------- Judge

Michael R. Cohen, Esq.

Attorney for the Petitioner
Hillside Park 168 LLC
319 East 91st Street Prof. Suite,
New York NY, 10128
Telephone No. (212) 831-4400
Email:
michael@greenandcohenlaw.com