UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SALEHA SATTAR,                                              Docket No. 1:25-CV-06035-OEM-CHK

                Plaintiff,

  -against-


GREEN & COHEN P.C., MICHAEL R. COHEN,
ZARA CONTROL, LLC, ZARA REALTY
HOLDING CORP., and HILLSIDE PARK
168 LLC

                Defendants.
------------------------------------------------------------X



**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO VACATE THE CERTIFICATE OF DEFAULT**




                                    **THE PRICE LAW FIRM PLLC**
                                    *Attorneys for Defendants*
                                    Joshua C. Price, Esq.
                                    900 Walt Whitman Road – Suite 301
                                    Melville, New York 11747
                                    (212) 675-1125
                                    jprice@thepricelawfirmllc.com

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………………………………………………1

PROCEDURAL HISTORY ……………………………………………………………………....1

ARGUMENT …………………………………………………………………………………..2

   I.  LEGAL STANDARD FOR VACATING A CERTIFICATE OF DEFAULT…………….2

      A.  DEFENDANTS' DEFAULT WAS NOT WILLFUL………………………………… 3

      B.  THERE IS NO PREJUDICE TO PLAINTIFF …………………………………………..4

      C.  DEFENDANTS HAVE MERITORIOUS DEFENSES TO THE CLAIMS ………….5

         i.  PLAINTIFF'S FDCPA CLAIMS ARE BARRED BY THE STATUTE OF LIMITAITONS ………………………………………………………………………5

        ii.  THE FDCPA DOES NOT APPLY TO THE CONDUCT ALLEGED …………...6

        iii.  MERITORIOUS DEFENSE AS TO THE PLAINTIFF'S CLAIM UNDER JUDICIARY LAW § 487 ………………………………………………………….7

        iv.  MERITORIOUS DEFENSE AS TO PLAINTIFF'S CLAIM UNDER GENERAL BUSINESS LAW § 349 ……………………………………………………...7

CONCLUSION ………………………………………………………………………………...8

# **TABLE OF AUTHORITIES**

**CASES:**

*Davis v. Musler*, 713 F.2d 907 (2d Cir. 1983) ……………………………………………….4

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir, 1993) ………………………………… 2, 3, 5, 8

*Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d (3d Cir. 1982) …………………………….4

*Gill v. Stolow*, 240 f.2d 669 (2d Cir. 1957) ………………………………………………….4

*Keebler v. Rath*, 405 F App'x 517 (2d Cir. 2010) …………………………………………..5

*Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981) ……………………………………………...5

*SEC v. McNulty*, 137 F.3d 732 (2d Cir. 1998) ………………………………………………4

**STATUTES:**

Fed. R. Civ. P. 55(c) ………………………………………………………………………...1, 2

15 U.S.C. § 1692 et seq. ……………………………………………………………………..1, 5, 6

New York General Business Law § 349 ……………………………………………………1, 5, 7

New York Judiciary Law § 487 ……………………………………………………………...1, 5, 7

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of the Defendants, GREEN & COHEN, P.C., MICHAEL R. COHEN, ZARA CONTROL, LLC, ZARA REALTY HOLDING CORP., and HILLSIDE PARK 168 LLC, (collectively "Defendants") Motion to Vacate the Certificate of Default as to the Plaintiff's, SALEHA SATTAR ("Plaintiff"), Complaint, pursuant to F.R.C.P. Rule 55(c).

## PROCEDURAL HISTORY

Plaintiff commenced the instant action via the filing of a Summons and Complaint on October 29, 2025. The within Complaint seeks certain relief under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), New York General Business Law § 349, New York Judiciary Law § 487, and Common Law. Shortly thereafter, on October 31, 2025, the Court issued a scheduling order via ECF scheduling the case for an initial conference on January 7, 2026.

On November 18, 2025, Plaintiff filed Affidavits of Service for Defendants, GREEN & COHEN, P.C., ZARA CONTROL, LLC, ZARA REALTY HOLDING CORP., and HILLSIDE PARK 168 LLC. Said service was effectuated on the Secretary of State on November 14, 2025. On November 24, 2025, Plaintiff filed an Affidavit of Service for Defendant, MICHAEL R. COHEN, indicating personal service on the Defendant on November 18, 2025.

Thereafter, on December 17, 2025, Plaintiff filed a Request for Certificate of Default against each of the named Defendants for their failure to appear in the case. On December 19, 2025, the Clerk entered Certificates of Judgment for each of the Defendants. In light of the newly entered Certificates of Default, the Court issued a revised scheduling order via ECF on

December 22, 2025 adjourning the January 7, 2026 conference to January 16, 2026 for a default conference.

The very next day, on December 23, 2025, Defendants filed their Answer to the within Complaint. In response to this Answer, on December 29, 2025 the Court issued another Order via ECF stating that, in light of Defendants' recent appearance, the January 16th default conference would be converted into an initial conference. Additionally, the Order directed the parties to confer and submit a proposed Discovery Plan and Scheduling Order. Finally, the Court directed Defendants to file a motion to vacate the defaults entered herein.

On January 7, 2026, the parties met to confer on the proposed Discovery Plan. During this conference, the **Plaintiff consented to vacating the Defendants' Certificates of Default.**

Defendants now move this Court, in accordance with the December 29, 2025 order, to vacate the defaults entered herein and to accept Defendants' Answer in this action.

## ARGUMENT

### I. LEGAL STANDARD FOR VACATING A CERTIFICATE OF DEFAULT

Defendants satisfy all elements to have the Certificates of Default against them set aside pursuant to F.R.C.P. Rule 55(c), which states as follows:

> Rule 55. Default; Default Judgment:
>
>> (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

The Second Circuit in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993), set forth the elements to be considered by a District Court in assessing an application to set aside a Certificate of Default. The Court held that three factors must be assessed when deciding whether to vacate a default. These factors are: "(1) whether the default was willful; (2) whether setting

2

aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id*. Further, the Court held that other equitable factors may be considered, such as "whether the entry of default would bring about a harsh or unfair result."

As set forth below and in the accompanying Declarations of Defendants, the Defendants satisfy the elements of the *Enron* test sufficient to vacate the default and accept the Defendants' Answer filed on December 23, 2025.

### A. DEFENDANTS' DEFAULT WAS NOT WILLFUL

As evidenced by the Proof of Service filed in the Court Docket, Defendants, GREEN & COHEN, P.C., ZARA CONTROL, LLC, ZARA REALTY HOLDING CORP., and HILLSIDE PARK 168 LLC were served with the within Complaint via the Secretary of State on November 14th, 2025. However, due to the natural delays in receiving service from the Secretary of State, those Defendants were not apprised of the Complaint until November 18, 2025, when Defendant, MICHAEL R. COHEN, was personally served with the papers.

Upon receipt of the Complaint, Defendants sought to engage counsel and appear in the action. The undersigned was retained by the Defendants in mid December, 2025. Immediately upon being retained, Defendants and the undersigned Counsel worked diligently to review the Complaint and file an Answer. However, despite Defendants' good faith efforts, Defendants were unable to file their Answer before the default was entered. On December 17th, 2025, mere days after Counsel for the Defendants had been retained, Plaintiffs filed a Request for Certificates of Default which were then entered by the Clerk on December 19th. On December 23rd, 2025, just two business days later, Defendants filed their Answer to the within Complaint.

Such a minor delay in answering does not and cannot be construed as a willful default. The Second Circuit has "interpreted 'willfulness,' in the context of a default, to refer to conduct

3

that is more than merely negligent or careless," but rather "egregious and … not satisfactorily explained." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).

Here, Defendants' default was not egregious by any means and can reasonably be explained as a slight delay as a result of efforts in obtaining counsel after receiving the Complaint. Such actions does not even rise to the level of negligent or carelessness, let alone egregious. Thus, it cannot be said that Defendants "willfully" defaulted and the Certificate of Default should be vacated and Defendants' Answer should be accepted.

    B.  THERE IS NO PREJUDICE TO THE PLAINTIFF

As detailed above, this case is in the very earliest stages of litigation. Prior to any Certificate of Default being entered, the case was not scheduled to appear before the Court until January 7, 2026. Defendants have since appeared and are prepared to move this matter forward. To that end, Defendants counsel has been actively engaging with Plaintiff and have even scheduled a time to meet and confer, pursuant to Rule 26(f), for the purposes of discussing a proposed Discovery Plan and Scheduling Order.

Given the very early stages of this litigation and Defendants' subsequent engagement and cooperation with opposing counsel, Plaintiff cannot maintain that setting aside the default would cause them any prejudice. The default entered against Defendants was a result of a mere delay in appearing and "delay alone is not a sufficient basis for establishing prejudice. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656-57 (3d Cir. 1982); *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957). Rather, it must be shown that the delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Davis v. Musler*, 713 F.2d 907 (2d Cr. 1983). Here, Defendants' minor delay in filing an Answer will not result in any of the above and thus, cannot be construed as prejudicing the Plaintiff.

4

### C. DEFENDANTS HAVE MERITORIOUS DEFENSES TO THE CLAIMS

"A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. *See, e.g., Sony Corp.* 800 F.2d at 320-21. The test of such a defense is measure not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron* 10 F.3d at 25. Determining whether a defense is meritorious requires only a "low threshold of adequacy." *Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981). As stated by the Second Circuit in *Enron*, there is a strong preference for resoling dispute on the merits. Thus, at this stage "all doubts must be resolved in favor of the party seeking relief from the default judgment." *Keebler v. Rath*, 405 F App'x 517 (2d Cir. 2010).

Here, Defendants easily satisfy this standard. Defendants' Answer asserts multiple fact-based and legal defenses that, if credited, would defeat Plaintiff's claims under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"), New York Judiciary Law ("NYJL") § 587, New York General Business Law ("GBL") § 349, and common-law. These defenses are far from boilerplate and they directly challenge the core theories of liability advanced in the Complaint.

  i. **PLAINTIFFS' FDCPA CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff's Complaint alleges, *inter alia*, that Defendants have violated the FDCPA by engaging in false deceptive, or misleading practices in an attempt to collect a debt. 15 U.S.C. § 1692k sets forth the applicable statute of limitations for a claim arising under the FDCPA. § 1992k(d) states:

> (d) Jurisdiction. An action to enforce any liability created by this title [15 USCS §§ 1692 et seq.] may be brought in any appropriate United States district court without regard to the

5

amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

Plaintiff's Complaint contains a multitude of allegations of violations on behalf of the Defendants, some dating as far back as 2020. Thus, to the extent that the violations alleged in support of Plaintiff's claim occurred, in the first instance, *earlier* than October 28, 2024 (one year prior to the date of the within Complaint), such claims are time barred and must be dismissed.

At a bare minimum, Defendants have sufficiently asserted a meritorious defense that any alleged violations of the FDCPA that occurred prior to October 28, 2024 are barred by the statute of limitations.

### ii.     THE FDCPA DOES NOT APPLY TO THE CONDUCT ALLEGED

Plaintiff's claims of alleged violations of the FDCPA relate to a series of cases commenced by the Defendants against the Plaintiff between 2020 and the present. According to Plaintiff, each case is a violation within itself as it is its own separate act of unfair debt collection. In response, Defendants have asserted an affirmative defense which expressly denies that Defendants have engaged in any false, deceptive or misleading collection activity within the meaning of the FDCPA.

Plaintiff's FDCPA theory rests on the premise that Defendants knowingly attempted to collect sums not owed by failing to credit ERAP payments and commencing multiple actions and proceeding against the Plaintiff. Defendants squarely dispute these allegations and deny both the factual and scienter components necessary to establish FDCPA liability.

At a minimum, Defendants have shown that there is a genuine dispute as to whether the challenged litigation constitutes actionable debt-collection activity under the FDCPA. This defense, if successful, would be dispositive of Plaintiff's federal claims.

### iii. MERITORIOUS DEFENSE AS TO PLAINTIFF'S CLAIM UNDER JUDICIARY LAW § 487

In order for Plaintiff to prevail on her claim under NYJL § 487, Plaintiff is required to proof "intent" by the Defendants to deceive. Defendants Answer expressly denies any intent to deceive the Court or the Plaintiff and denies that any filings were knowingly false or misleading.

Plaintiff's § 487 claim is based largely on contested interferences drawn from Defendants' litigation conduct and disputed rent calculations. Defendants' denial and affirmative defenses directly rebut the element of intent, which would be fatal to Plaintiff's § 487 claim if not proven. At a minimum, these defenses raise factual and legal issues that cannot be resolved on default and easily satisfy the meritorious-defense requirement.

### iv. MERITORIOUS DEFENSE AS TO PLAINTIFF'S CLAIM UNDER GENERAL BUSINESS LAW § 349

Plaintiff's claim under GBL § 349 alleges that Defendants have engaged in deceptive acts and practices in the conduct of their business in violation of the statute. In their Answer, Defendants expressly deny that any conduct alleged in the Complaint or engaged in by Defendants violated GBL § 349.

Whether litigation conduct between private parties constitutes a "deceptive act or practice in the conduct of any business, trade, or commerce…" is a contested legal issue. Defendants' position that Plaintiff fails to satisfy the elements of a § 349 claim presents a substantial defense that, if accepted, would require dismissal of that cause of action.

Viewed collectively, Defendants' Answer sets forth defense that are fact-specific, legally grounded, and directly responsive to Plaintiff's claims. Accordingly, the meritorious-defense factor weighs heavily in favor of setting aside the Clerk's entries of default and permitting this action to proceed on the merits.

## CONCLUSION

It is respectfully submitted that Defendants have satisfied all requirements under the *Enron* test for the defaults to be vacated. Defendants' default was minimal and far from willful, Plaintiff has not and could not be prejudiced by the minor delay, and Defendants' Answer contains a multitude of meritorious defenses. Accordingly, it is respectfully requested that this Court vacate the Certificates of Default and accept the Defendants' Answer forthwith and grant Defendants such other and further relief as this Court deems just and proper.

Dated:  Melville, New York
       January 9, 2026

Respectfully submitted,
**THE PRICE LAW FIRM PLLC**
*Attorneys for Defendants*

_____
Joshua C. Price, Esq.
900 Walt Whitman Road – Suite 301
Melville, New York 11747
(212) 675-1125
jprice@thepricelawfirmllc.com