# THE LEGAL AID SOCIETY
## CIVIL

Queens Neighborhood Office
153-01 Jamaica Ave Suite 202
Jamaica, NY 11432
718-286-2450
https://www.legalaidnyc.org/

May 12, 2026

The Honorable Clay H. Kaminsky
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re:    Joint Status Update & Motion for Informal Discovery Conference
       *Sattar v. Green & Cohen, et al.,* 25-cv-06035 (OEM-CHK)

Dear Judge Kaminsky,

The Legal Aid Society (LAS), with the Law Offices of Ahmad Keshavarz as co-counsel ("Keshavarz Law Offices"), represent Plaintiff Saleha Sattar in the above-referenced action. The Price Law Firm PLLC ("the Price Law Firm") represents Defendants Green & Cohen P.C, Michael R. Cohen, Zara Control, LLC, Zara Realty Holding Corp., and Hillside Park 168 LLC ("Defendants" and collectively with Plaintiff, "the Parties"). In accordance with you April 8, 2026 Order, the Parties submit this letter jointly to provide a status update on discovery and settlement discussions.

On March 11, 2026, Defendants answered Plaintiff's First Set of Discovery Demands, **Exhibit A**, and produced 858 pages of documents.

On April 8, 2026, counsel for Plaintiff emails opposing counsel a deficiency notice and asked for a time to confer virtually. **Exbibit B**. Among the claimed deficiencies were the following:

1. Defendants objected to privilege as to almost every request but did not serve a privilege log.
2. Defendants did not answer specific questions as to insurance.
3. Defendants repeatedly answered that, despite the objections, it has produced responsive documents. However, all but a handful of pages were documents filed or exchanged in the state court lawsuits. It did not appear that responsive documents had been provided to many of the demands and listed those specific demands.

On April 23, 2026, LAS, Keshavarz Law Offices, and the Price Law Firm had a meet and confer to discuss Defendants' responses to Plaintiff's First Set of Discovery Demands. At the April 23, 2026 meet and confer, first, Defendant stated that it would produce more documents by May 20, 2026.  Second, the Parties agreed that a conference with the Court is needed, specifically to discuss Defendants' failure to produce a privilege log.  The Price Law Firm stated that given that two of the Defendants are attorneys, Plaintiff's discovery requests would presumably produce thousands of emails that are presumably privileged and as a result, Defendants have yet to seek

1



Queens Neighborhood Office
153-01 Jamaica Ave Suite 202
Jamaica, NY 11432
718-286-2450
https://www.legalaidnyc.org/

to determine if there are responsive emails or the number of responsive emails, and review potentially responsive documents.  Defendants have not sought to determine what other documents might exist responsive to Plaintiff's demands that may be privileged.

Plaintiff's understanding of Defendants' agreements during the April 23 conference where that, when the when they amended and supplemented their discovery answers by May 20, 2026 they would do the following: if the discovery answers state they have produced responsive documents they will 1) affirmatively state that, after a diligent search, they have produced all documents in their possession, custody and control; and 2) identify by bate-stamp numbers documents they believe are responsive to each request. Defendants asserted the Attorney Defendants have no insurance policy of any type (other than health insurance and car insurance) and will amend their discovery answers to affirmatively state the same. Specifically, they will state whether they have an insurance policy that covers "errors and omissions." As for Zara Defendants', Defendants stated that they were in touch with their insurance broker to ascertain if they have insurance.

Plaintiff believes the identification of documents as agreed upon above is required by the rules. Fed. R. Civ. P. 34(b)(2)(C) states that if objections are made, the responding party must also state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C). " [C]ounsel should specifically state whether the responding party is fully answering or responding to a request and, if not, specifically identify the categories of information that have been withheld on an objection-by-objection basis." *Joyner v. Presidential Advisory Comm'n on Election Integrity*, 2017 U.S. Dist. LEXIS 117319, at *14 (S.D. Fla. July 20, 2017). Furthermore, for those requests where Defendant has answered the request despite making objections, Defendant is required to disclose whether some documents are still being withheld on the objection. *See Fay Ave. Props., LLC v. Travelers Prop. Cas. Co. of Am*., 2014 U.S. Dist. LEXIS 89614, at *3-4. ("with respect to requests for production of documents, a response 'subject to' and 'without waiving objections,' leaves the requesting party to guess whether the producing party has produced all responsive documents, or only some responsive documents and withheld others on the basis of the objections."). Therefore, Plaintiff requests that Defendant supplement all of its response to Plaintiff's Request for Production by stating whether documents have been withheld on account of any of Defendant's objections. A response to a Request for Production of Documents which merely promises to produce requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Fed. R. Civ. P.  34(b), and therefore, is treated is a failure to respond pursuant to Fed. R. Civ. P.  37(a)(3). *See Jayne H. Hee, Inc. v. Flagstaff Indus. Corp*., 173 FRD 651 (1997).A vague reference to its document production, without specifying which specific documents are responsive, make it impossible for Plaintiff to determine which documents Defendants are producing in response to each request. *See Queensridge Towers, LLC v. Allianz Glob. Risks USIns. Co*., No. 2:13-cv-197 JCM-PAL, 2014 U.S. Dist. LEXIS 14167, at *15-16 (D. Nev. 2014). Defendants must specify by bate stamp what documents are allegedly responsive to this request in order to permit Plaintiff to locate and identify them. Id. at *23.



Queens Neighborhood Office
153-01 Jamaica Ave Suite 202
Jamaica, NY 11432
718-286-2450
https://www.legalaidnyc.org/

During the April 23 meet and confer, the Price Law Firm stated that it would like to have a conversation with the Court regarding how Defendants should handle this situation.  Plaintiff believes that privileged documents should have been identified, gathered and reviewed, and a privilege log produced in response to her demands, but agrees with Defendants that a conference before the Court is necessary.

Defendants stated that they intend to produce more responsive documents by May 20, 2026.  To the extent that that production eliminates any of the issues raised during the April 23, meet and confer, the Parties will inform the Court.  However, it seems that the Parties have reached an impasse regarding the collection of privilege documents and the production of a privilege log. As a result, the Parties jointly request a conference before the Court.

Defendants understanding of the agreement reached during the April 23 conference was that Defendants agreed to produce supplemental responses to Plaintiff's discovery demands based on the alleged deficiencies raised by Plaintiff. As stated in Defendants' letter sent in response to Plaintiff's deficiency notice, *See Exhibit C*, Defendants agree to produce supplemental responses by May 20, 2026 which state that their search for responsive documents has concluded and they have produced everything in their possession, custody, and control that is responsive. During the April 23 conference, Defendants stated that they would take Plaintiff's request for affirmative statements within each individual response under advisement and respond accordingly. Further, Defendants agreed to take Plaintiff's request that each response include the specific bate-stamp numbers believed to be responsive to the request under advisement. Defendants maintain that the issue of privileged communications needs to be addressed with the Judge.

On April 9, 2026, Defendants issued their First Set of Discovery Demands on Plaintiff.  By agreement of all parties, Plaintiff's responses to those Demands are due on May 29, 2026.

The Parties have not engaged in settlement discussions.  As stated at the January 16, 2026 conference before Your Honor, Plaintiff believes that some discovery is necessary before Plaintiff can engage in meaningful settlement discussions.

Respectfully submitted by,

*/s/Elizabeth M. Lynch*
Elizabeth M. Lynch, Esq.
The Legal Aid Society
153-01 Jamaica Ave, Suite 202
Jamaica, NY 11432
*Co-counsel for Plaintiff*

*/s/Joshua C. Price*
Joshua C. Price, Esq.
The Price Law Firm PLLC
900 Walt Whitman Road, Suite 301
Melville, NY 11747
*Counsel for Defendants*

3