UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
SALEHA SATTAR,                                         Docket No. 1:25-CV-06035-OEM-CHK

                         Plaintiff,

         -against-


GREEN & COHEN P.C., MICHAEL R. COHEN,
ZARA CONTROL, LLC, ZARA REALTY
HOLDING CORP., and HILLSIDE PARK
168 LLC

                         Defendants.
--------------------------------------------------------------X


## DEFENDANTS' FIRST RESPONSE TO PLAINTIFF'S DISCOVERY DEMANDS


**THE PRICE LAW FIRM PLLC**
*Attorneys for Defendants*
Joshua C. Price, Esq.
900 Walt Whitman Road – Suite 301
Melville, New York 11747
(212) 675-1125
jprice@thepricelawfirmllc.com

Defendants **Green & Cohen P.C., Michael R. Cohen, Zara Control, Zara Realty Holding Corp.,** and **Hillside Park 168 LLC** (collectively, "Defendants"), by and through their attorneys, **The Price Law Firm PLLC**, hereby respond to Plaintiff's First Requests for Production of Documents, First Set of Interrogatories, and Requests for Admission pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

The following General Objections apply to each discovery request to the extent applicable. By stating these General Objections, Defendants do not waive, and expressly preserve, any objections as to the competency, relevance, materiality, privilege, admissibility, or proportionality of any information requested.

1. Defendants object to each request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint defense privilege or any other applicable privilege or immunity.
2. Defendants object to each request to the extent it seeks information not relevant to any claim or defense or not proportional to the needs of the case pursuant to Rule 26(b)(1).
3. Defendants object to each request to the extent it is overly broad, unduly burdensome, vague, ambiguous, or seeks information outside the scope of permissible discovery.
4. Defendants object to each request to the extent it seeks documents not within Defendants' possession, custody, or control as required under Rule 34(a).
5. Defendants object to each request to the extent it seeks information equally available to Plaintiff from public sources.
6. Defendants object to each request to the extent it seeks disclosure of attorney mental impressions, litigation strategy, or materials prepared in anticipation of litigation.
7. Defendants object to each request to the extent it seeks premature disclosure of trial exhibits, witnesses, or expert materials, which are governed by the Court's scheduling orders and the Federal Rules of Civil Procedure.
8. Defendants reserve the right to supplement or amend these responses pursuant to Federal Rule of Civil Procedure 26(e).

Subject to and without waiving these objections, Defendants respond as follow:

## RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

1. Documents regarding Plaintiff, the Putative Debt, or attempts to collect the Putative Debt, including but not limited to documents, records, notes, ledgers, or screens from debt collection or property management software.

   **RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

2.  Recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the Putative Debt, or attempts to collect the Putative Debt.

**RESPONSE:**

**After a reasonable search, Defendants have not located any documents or other material responsive to this Demand that are within Defendants' possession, custody, or control.**

3.  Your account notes, screenshots, emails, and any other documentation regarding Plaintiff, or the Putative Debt.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

4.  Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the Putative Debt.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

5.  Any contracts or agreements that govern the collection of or concern the Putative Debt or the collection thereon, including contracts among the Defendants.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

6. Documents reflecting the policies and procedures in verifying the amounts sought in rent ledgers and fee ledgers, including, without limitation, any documents used to verify the amounts sought from Plaintiff.

**RESPONSE:**

**After a reasonable search, Defendants have not located any documents responsive to this Demand that are within Defendants' possession, custody, or control.**

7. Documents reflecting the policies and procedures in applying Emergency Rental Assistance Program ("ERAP"), including, without limitation, any documents used to apply ERAP payments to Plaintiff's account.

**RESPONSE:**

**After a reasonable search, Defendants have not located any documents responsive to this Demand that are within Defendants' possession, custody, or control.**

8. Documents reflecting Zara Defendants' application of the DHCR Decision to Plaintiff's account and its interpretation of the DHCR Decision.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

9. Documents reflecting the policies and procedures in connection with the letters, bills, and invoices sent to Plaintiff, including any template or program used to generate the letters, bills and invoices.

**RESPONSE:**

**After a reasonable search, Defendants have not located any documents responsive to this Demand that are within Defendants' possession, custody, or control.**

10. The documents reflecting policies and procedures used in connection with the letters, bills and invoices sent to tenants, including any template or program used to generate such letters, bills, and invoices.

**RESPONSE:**

**After a reasonable search, Defendants have not located any documents responsive to this Demand that are within Defendants' possession, custody, or control.**

11. Documents that formed the basis of the demand for rent arrears, use and occupancy, and/or fees in each Lawsuit Initiating Document listed below, including but not limited to account notes, court documents, and screenshots of programs:

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

   a. General demand for use and occupancy in *Hillside Park 168 LLC v. Sattar et al.*, LT-053103-20/QU, in Queens County Civil Court Housing Part;
   b. Demand for $29,200 in *Hillside Part 168 LLC v. Sattar et al.*, LT-301177-23/QU, in Queens County Civil Court Housing Part;

c.  Demand of $80,557.74 in *Hillside Park 168 LLC v. Sattar et al.*, 723023-23/QU, in Queens County Supreme Court;

d.  Demand of $83,355.74 in *Hillside Park 168 LLC v. Sattar et al.*, LT-319345-24/QU, in Queens County Civil Court Housing Part; and

e.  Demand for fees in *Hillside Park 168 LLC v. Sattar*, CC-030429-22/QU, in Queens County Small Claims Court Commercial Claims Part.

12. Documents that formed the basis of any and all settlement offers contemplated or offered in any of the Lawsuits.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

13. Documents reflecting the policies and procedures that Defendants use to create spreadsheet versions from its property management software.

**RESPONSE:**

**After a reasonable search, Defendants have not located any documents responsive to this Demand that are within Defendants' possession, custody, or control.**

14. Documents pertaining to the creation of spreadsheets Defendants used in the Lawsuits, including but not limited to those used in court or offered to Plaintiff or Plaintiff's counsel.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

15. Documents pertaining to the creation of spreadsheets Defendants used in the Commercial Claims Case including but not limited to those used in court or offered to Plaintiff or Plaintiff's counsel.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

16. Any Insurance policies and declaration sheets, and renewals, that may cover the claims brought by way of this suit, regardless of whether You have forwarded this claim to your insurance carrier.

**RESPONSE:**

**Defendants object to the extent the request exceeds the scope of Federal Rule of Civil Procedure 26(a)(1)(A)(iv). Subject to and without waiving any objections, Defendants state that they have not identified any insurance agreement under which an insurer may be liable to satisfy part or all of a judgment in this action.**

17. Correspondence regarding any Insurance policy covering or potentially covering the claims brought in this suit, including the application for coverage and response from the carrier, if any.

**RESPONSE:**

**Defendants object to the extent the request exceeds the scope of Federal Rule of Civil Procedure 26(a)(1)(A)(iv). Subject to and without waiving any objections, Defendants state that they have not identified any insurance agreement under which an insurer may be liable to satisfy part or all of a judgment in this action.**

18. Documents You refer to in your initial disclosures.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

19. If any of the documents You produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

20. Every document that You intend to use or introduce into evidence at the trial of this case.

**RESPONSE:**

**Defendants object to this Demand as premature under the Court's scheduling order. Identification of trial exhibits is governed by the Court's scheduling order and the Federal Rules of Civil Procedure.**

21. Documents upon which You base Your affirmative defenses.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

22. Any documents demonstrating efforts to seek Plaintiff's eviction or use and occupancy through the Lawsuits.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

23. Any documents demonstrating efforts to seek fees from Plaintiff through the Lawsuits.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

24. Documents reflecting communications among the Zara Defendants with the Building

staff about Plaintiff.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

25. Documents reflecting Defendants' or Building staff's communications with Plaintiff.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

26. Documents reflecting the calculation of any amount claimed to be due in the Lawsuits.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

27. Documents reflecting Your decision to stop accepting rental payments from Plaintiff.

**RESPONSE:**

**After a reasonable search, Defendants have not located any documents responsive to this Demand that are within Defendants' possession, custody, or control. Defendants state that they never stopped accepting rental payments from Plaintiff.**

28. Documents sufficient to demonstrate the existence and terms of the agreement or agreements among the Attorney Defendants and the Zara Defendants that would govern Attorney Defendants' representation of Zara Defendants against Plaintiff or other tenants in the Building.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

29. Documents sufficient to provide an accounting of how the amount claimed due in each of the Lawsuits was calculated.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

30. Documents sufficient to provide an accounting of the amount and date of each payment

You received from Plaintiff or from any other source related to any debt You claim Plaintiff owes

to any Defendants, and from whom each payment was received (e.g., from ERAP).

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

31. The Attorney Defendants' professional liability Insurance policy that covers "errors and

omissions" claims since October 2024.

**RESPONSE:**

**Defendants object to the extent the request exceeds the scope of Federal Rule of Civil Procedure 26(a)(1)(A)(iv). Subject to and without waiving any objections, Defendants state that they have not identified any insurance agreement under which an insurer may be liable to satisfy part or all of a judgment in this action.**

32. Documents sufficient to show the operation of any debt collection software or property

management used in connection to the Lawsuits.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

33. Documents sufficient to identify any debt collection software or property management

used in connection to the Lawsuits.

**RESPONSE:**

**Defendants produce herewith documents bearing Bates Nos. DEF00001-DEF00858. Responsive documents are being withheld to the extent they are protected by privilege. Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located.**

<u>**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**</u>

1. Identify all persons who have knowledge of relevant facts, identify the issues upon which You believe they have knowledge.

**RESPONSE:**

**Michael Cohen, Rajesh Subraj, Shiromie Mansukh, Daniel Decastro, Sarowar Hossaine, Aura Zuniga, Noah Foster, and Michael Kang, Yoedys Guerrero; all have knowledge concerning the claims and defenses asserted in this action, including the rent ledger, payment history, and litigation relating to Plaintiff's tenancy.**

2. Identify the name and address of every witness You expect to call at the trial of this case.

**RESPONSE:**

**Defendants object to this Interrogatory as premature because identification of trial witnesses is governed by the Court's scheduling order and the Federal Rules of Civil Procedure.**

**Subject to this objection, Defendants identify the following individuals:**
- **Michael Cohen**
- **Rajesh A. Subraj**
- **Shiromie Mansukh**
- **Daniel Decastro**

3. Identify all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

**RESPONSE:**

**Defendants object because this Interrogatory seeks information concerning counsel's preparation of discovery responses and attorney work product.**

**Subject to and without waiving the foregoing objections, Defendants respond as follows: Michael Cohen, Rajesh Subraj, Shiromie Mansukh, and Daniel Decastro all participated in providing factual information.**

4. Identify the existence, custodian, location, and general description of relevant documents, including pertinent Insurance agreements.

**RESPONSE:**

**All responsive documents are maintained by Zara Defendants' property management company and by the Attorney Defendants and are maintained at their respective offices.**

5. Identify any software used to maintain Your rent ledgers, including but not limited to any third-party software.

**RESPONSE:**

**Defendants use Yardi Voyager as their property management software.**

6. If documents responsive to Plaintiff's discovery demands are in the possession of a third party, identify that third party and the documents You believe in their possession.

**RESPONSE:**

**After reasonable inquiry, Defendants do not presently have information responsive to this Interrogatory.**

7. For any requested information about a document that no longer exists, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identity of each document evidencing the existence or nonexistence of each document that cannot be located.

**RESPONSE:**

**After reasonable inquiry, Defendants do not presently have information responsive to this Interrogatory.**

8. If Your document production uses abbreviations, codes, or identifies persons only by firm name or initials, please identify the meaning of each abbreviation or code, and identify each such person.

**RESPONSE:**

**After reasonable inquiry, Defendants do not presently have information responsive to this Interrogatory.**

9. Identify all nonpayment cases brough by Attorney Defendants for the six years prior to the filing of the Complaint (from October 28, 2019) which were resolved (settled or dismissed) with no money paid by the tenant.

**RESPONSE:**

**Defendants object to this Interrogatory as overly broad and unduly burdensome. Defendants have commenced hundreds of nonpayment proceedings during the relevant period, and the requested information is equally available to Plaintiff through public court records.**

10. Identify each person who was involved in attempts to collect the Putative Debt.

**RESPONSE:**

**Michael Cohen, Rajesh Subraj, Shiromie Mansukh, and Daniel Decastro.**

11. Provide an accounting of how the amount claimed due in each of the Lawsuits was calculated.

**RESPONSE:**

**Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined from documents produced in response to Plaintiff's Demand for Production.**

12. Provide an accounting of the amount and date of each payment You claimed to have received from Plaintiff or from any other source related to any debt You claim Plaintiff owes to any Defendant, and from whom each payment was received.

**RESPONSE:**

**Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined from documents produced in response to Plaintiff's Demand for Production.**

13. State the number of cases You filed or caused to be filed in the State of New York where some or all of the relief sought was the payment of rental arrears for the period six years prior to the filing of this Complaint (from October 28, 2019).

**RESPONSE:**

**Defendants object to this Interrogatory as overly broad and unduly burdensome. Defendants have commenced hundreds of nonpayment proceedings during the relevant period, and the requested information is equally available to Plaintiff through public court records.**

14. Identify any debt collection software of property management used in connection to the lawsuits.

**RESPONSE:**

**Defendants use Yardi Voyager as their property management software.**

**RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**

1. You are a debt collector as defined in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

    **RESPONSE: Denied**

2. The Putative Debts You sought to collect in each of the Lawsuits was an alleged obligation incurred primarily for family, personal or household purposes.

    **RESPONSE: Admitted to the extent that the debt sought to be collected consisted of alleged unpaid rent for a residential apartment. Defendants otherwise deny the allegations to the extent they characterize such obligations as "putative consumer debt."**

3. You Regularly file actions in Housing Court and Supreme Court seeking to collect alleged past due rent from tenants.

    **RESPONSE: Admitted that the Zara Defendants, through the Attorney Defendants, regularly commence proceedings in New York courts seeking to recover alleged unpaid rent from tenants.**

4. You regularly use ledgers with the same form and fields or with a substantially similar form and fields to the Rent Ledger.

    **RESPONSE: Admitted.**

5. You Regularly file actions to collect on putative consumer debt from tenants who are rent-regulated.

    **RESPONSE: Admitted.**

6. Attorney Defendants represent or represented Zara Defendants in the cases captioned:

    a. *Hillside Park 168 LLC v. Sattar et al.*, LT-053103-20/QU, in Queens County Civil Court Housing Part;

    **RESPONSE: Admitted.**

b.  *Hillside Park 168 LLC v. Sattar et al.*, LT-301177-23/QU, in Queens County Civil Court Housing Part;

**RESPONSE: Admitted.**

c.  Demand of $80,557.74 in *Hillside Park 168 LLC v. Sattar et al.*, 723023-24/QU, in Queens County Supreme Court; and

**RESPONSE: Admitted.**

d.  Demand of $83,355.74 in *Hillside Park 168 LLC v. Sattar et al.*, LT-319345-24/QU, in Queens County Civil Court Housing Part.

**RESPONSE: Admitted.**

7.  Attorney Defendants have represented Zara Defendants in each of the Lawsuits against Plaintiff (except for *Hillside Park 168 LLC v. Sattar*, CC-030429-22/QU, in Queens County Small Claims Court Commercial Claims Part).

**RESPONSE: Admitted.**

8.  The Attorney Defendants have professional liability Insurance that covers "errors and omissions" claims.

**RESPONSE: Defendants object to this request on the grounds that it seeks information that is not a proper subject of a request for admission under Federal Rule of Civil Procedure 36, in that it concerns insurance coverage rather than facts, the application of law to fact, or the genuineness of documents related to the claims or defenses in this action. Defendants further object to this request to the extent it seeks information that is irrelevant to the claims or defenses asserted in this action. Subject to and without waiving these objections, Defendants deny the request.**

**PLEASE TAKE NOTICE**, that Defendants reserve the right to supplement or amend this response as discovery progresses and additional information becomes available pursuant to Federal Rule of Civil Procedure 26(e)

Dated: Melville, New York
       March 11, 2026

**THE PRICE LAW FIRM PLLC**
*Attorneys for Defendants*

_____
Joshua C. Price, Esq.
900 Walt Whitman Road – Suite 301
Melville, New York 11747
(212) 675-1125
jprice@thepricelawfirmllc.com