Outlook

---

**Discovery Deficiencies Notice**

---

**From** Elizabeth Lynch <emlynch@legal-aid.org>

**Date** Wed 4/8/2026 5:34 PM

**To** Joshua Clinton Price (jprice@thepricelawfirmllc.com) <jprice@thepricelawfirmllc.com>; Lilly Pollak <lpollak@thepricelawfirmllc.com>

**Cc** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>; Ellen McCormick <EMcCormick@legal-aid.org>; Edward Josephson <ejosephson@legal-aid.org>; Kevin Gartland <kevin@newyorkconsumerattorney.com>; Benjamin Gygi (e) <bgygi@legal-aid.org>

Counsel,

We are writing to set up a time to discuss our concerns regarding Defendants' response to Plaintiff's set of discovery and to set up a time to confer regarding the same. To the degree we request revisions or production we would ask that they be completed **by April 14**. We would also request a **time to speak on April 15 or 16** to address any remaining concerns.

These are our concerns:

1. **Privilege**. Defendants objected as to privilege, although not asserting which privilege, stating, "Responsive documents are being withheld to the extent they are protected by privilege.". However, Defendants have not produced a privilege log. This is particularly surprising given our February 13, 2026 conversation that lead to the filing of the February 17, 2026 Joint Letter Regarding Privilege [Dkt. No. 29] where we jointly made the following representation to Judge Kaminsky:

   > "Defendants' counsel confirmed that it had reviewed Plaintiff's discovery and it would handle issues of privilege by producing a privilege log. Defendants' counsel stated that it would list the author of the document, recipients, date, type (e.g. email, etc.), the description of the subject matter, and justification for the privilege without revealing the privilege information itself (complying with the privilege log requirement under Local Rule 26.2(a)(2)(A))."

   We therefore request you remove the objections as to attorney client privilege and work product privilege and produce the withheld documents. Alternatively, we would request a specific privilege log, in compliance with local rule and with our representations to the court.

2. **Insurance**. We made very specific discovery requests regarding insurance.
   RFP # 31. The Attorney Defendants' professional liability Insurance policy that covers "errors and omissions" claims since October 2024.

   RESPONSE:

Defendants object to the extent the request exceeds the scope of Federal Rule of Civil Procedure 26(a)(1)(A)(iv). Subject to and without waiving any objections, Defendants state that they have not identified any insurance agreement under which an insurer may be liable to satisfy part or all of a judgment in this action.

The answer is non-responsive to a very specific request. This is not an initial disclosure request, which is what your response seems to be geared towards. If a policy exists, it must be produced.

3. **Date certain for production**. Defendants state, "Defendants' search for documents responsive to this Demand is ongoing. Defendants will produce any additional non-privileged responsive documents that are located."  Please provide a date by which you will represent you have completed your search and have produced all documents in your possession or control. We would like a specific representation so that we have all of the responsive documents in preparation for depositions.

4. **Referencing specific Bates-stamp numbers and failure to produce any documents.** As to requests for production, you simply say to refer to all 858 pages of document production. There are several requests where this is not acceptable. For example, a review of the production seems to indicate the following RFP answers have not been produced (see below). Please produce them; to the degree you believe they are already in the existing production (or will be in future production) please identify them by Bates-stamp numbers. **No responsive documents have been produced to the following RFP**s:

> 3.   Your account notes, screenshots, emails, and any other documentation regarding Plaintiff, or the Putative Debt.
> (account notes, screenshots, emails have not been produced)

> 5.   Any contracts or agreements that govern the collection of or concern the Putative Debt or the collection thereon, including contracts among the Defendants.

> 8.   Documents reflecting Zara Defendants' application of the DHCR Decision to Plaintiff's account and its interpretation of the DHCR Decision.

> 11. Documents that formed the basis of the demand for rent arrears, use and occupancy, and/or fees in each Lawsuit Initiating Document listed below, including but not limited to account notes, court documents, and screenshots of programs:

> (only court documents have been produced)

> RFP # 11 asked, for each separate items a – e, but responses have not been itemed for each request.

> 12. Documents that formed the basis of any and all settlement offers contemplated or offered in any of the Lawsuits.

> 14. Documents pertaining to the creation of spreadsheets Defendants used in the Lawsuits, including but not limited to those used in court or offered to Plaintiff or Plaintiff's counsel.

17. Correspondence regarding any insurance policy covering or potentially covering the claims brought in this suit, including the application for coverage and response from the carrier, if any.

19. If any of the documents You produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

24. Documents reflecting communications among the Zara Defendants with the Building staff about Plaintiff.

25. Documents reflecting Defendants' or Building staff's communications with Plaintiff.

26. Documents reflecting the calculation of any amount claimed to be due in the Lawsuits.

Sincerely,

**Elizabeth M. Lynch**
*Director of Economic Equities*
The Legal Aid Society
153-01 Jamaica Ave, Suite 202
Jamaica, NY 11432
Cell: (646) 874-4219
Fax: (646) 786-3142
Email: emlynch@legal-aid.org