# EXHIBIT A

Outlook

## Plaintiff' Second Discovery Deficiencies Notice

**From** Elizabeth Lynch <emlynch@legal-aid.org>
**Date** Mon 10/5/2026 5:03 PM
**To** Josh Price <jprice@thepricelawfirmllc.com>; Lilly Pollak <lpollak@thepricelawfirmllc.com>
**Cc** Ellen McCormick <EMcCormick@legal-aid.org>; ahmad <ahmad@newyorkconsumerattorney.com>; luke <luke@newyorkconsumerattorney.com>

3 attachments (2 MB)

ECF No. 036 Jt Status Ltr Etc.pdf; 2026.09.25 Demand to Produce E&O insurance.pdf; 2026.06.04 - Sattar - Supplemental Requests.pdf;

Counsel,

We are writing to set up a time to discuss our Defendants' incomplete responses to Plaintiffs' set of discovery and misrepresentations made in those responses. We would like to set up a **time to speak the afternoon of October 7** to address our concerns and to avoid a motion to compel.

These are our concerns:

1. **Zara Defendants falsely claimed that they do not have an errors and omission insurance policy when in fact they do.** On June 14, 2026, Zara Defendants produced a six-page "Commercial Lines Insurance Policy" and represented to the Court that this was the only insurance policy that Zara Defendants had (*see* attached ECF Doc. No. 36 ("Landlord Defendants represent that its Commercial Lines Insurance Policy is the only insurance policy")). However, at the September 16, 2026 deposition of Rajesh Subraj, Mr. Subraj stated that Defendant Zara Realty has an errors and omissions insurance policy which is in contravention of what you and Zara Defendants have represented. Further, in inquiring which companies Zara Defendants had or currently have insurance policies with, Mr. Subraj stated that he believed that Zara Defendants have or had insurance policies with the following companies: State Farm, Technology Insurance Company, Marine & General, AIG and All State. Further, Saleha Sattar's Interrogatory Request No. 4 required you to "identify the existence, custodian, location, and general description of relevant documents, including pertinent Insurance agreements". This would include the Zara Defendants' insurance broker which Mr. Subraj stated Zara Realty has. However, Zara Defendants failed to disclose this person in its response to Interrogatory No. 4.

   On September 25, 2026, via email (attached), we demanded that you produce these errors and omission insurance policies as well as the identity and contact information for Zara Defendants' insurance broker by September 30, 2026. As of the date of this email, we have yet to receive any response to that request.

   We demand that you correct Zara Defendants' responses to Plaintiff's document request by (1) producing the errors and omissions policy as required by Plaintiff's Document Request No. 16, (2) produce any and all correspondence, claims, denial of claims and any other communications with insurance carriers as a result of the current litigation, including requests made and communications performed by an insurance broker, as required by Plaintiff's Document Request

No. 17, (3) provide the name and contact information for Zara Defendants' insurance broker as requested by Plaintiff's Interrogatory No. 4 and which required you to "identify the existence, custodian, location, and general description of relevant documents, including pertinent Insurance agreements," and (4) the name and contact information for Green & Cohen also required by Interrogatory No. 4, and to the extent there is no insurance broker, affirmatively state as such. **We demand this information by Oct. 9, 2026**.

2. **The insurance document Zara Defendants produced was incomplete and Zara Defendants must produce the full policy**. On June 14, 2026, Zara Defendants only produced the declaration page of its Commercial Lines Insurance Policy from Fortegra. The document fails to include the actual policy and the schedule of forms and endorsements noted on the last page (DEF 00912). Further the declaration also notes that there is a "Surplus Lines."

   We demand that **by October 9, 2026** you produce (1) the actual policy; (2) the surplus policy; (3) any umbrella policy; (4) all communications between Zara Defendants (or its insurance broker) and Fortegra including but not limited to claims and denial of claims.

3. **An incomplete search for documents was performed as only one custodian's files were reviewed and with very limited search terms**. Based on our September 9, 2026 deposition of the Zara Defendants' 30(b)(6) witness, Daniel Decastro, Mr. Decastro stated that he was the person responsible for responding to Plaintiff's document requests. He admitted that the only documents he pulled were his emails. Further, he only searched for emails that included the word "Sattar"; no other search terms were used including the internal code Zara uses to describe 88-15 168th Street (Hillside Park 168 LLC) which Mr. Subraj stated was number 038.

Only one custodian's emails were searched and with limited search terms. As a result you falsely represented to Plaintiff in response to Document Requests Nos. 1, 3, 4, 8, 11, 12. 14. 15. 18, 21, 22, 23, 24, 25, 26, 30, 32, and 33 that "Defendants have no other documents in their possession, custody or control responsive to this request.

On September 14, 2026 and then on September 22, 2026, we emailed you and requested that you search all custodians files, including emails, electronic files and paper files, and produce those documents in native format. You have failed to do so.

We therefore request that you search the emails, electronic files and paper files of all the custodians involved with Plaintiff's case which includes but is not limited to Shiromie Mansukh and Rajesh Subraj. We demand that before doing so – and **no later than October 9, 2026** – you provide us with a custodian list, the location of all files, and a search term list. We demand that for both Zara Defendants and Attorney Defendants.

4. **Zara Defendants failed to produce all responsive documents since it did not produce any documents from its Yardi Voyager system**. During the depositions of Daniel Decastro (Sept. 9, 2026) and Rajesh Subraj (Sept. 16, 2026), it emerged that Ms. Sattar has a file on the third party software that Zara Defendants use to manage tenants accounts, Yardi Voyager. Yardi Voyager maintains rent ledgers, Zara employee notes, documents and other information as it pertains to each tenant. In addition, Mr. Subraj stated that he receives monthly reports from the Yardi Voyager system for each property. However, no Yardi Voyager documents were produced. As Mr. Decastro stated in his deposition, all of the rent ledgers produced to us are excel spreadsheets that either he or Shiromie Mansukh create based on the Yardi Voyager data.

On September 14, 2026 and then on September 22, 2026, we emailed you and requested that you produce the Yardi Voyager files. You have failed to do so.

We demand that **by October 9, 2026**, you produce – in native format - all reports that Yardi Voyager can generate about Ms. Sattar and did generate over time, this includes but is not limited to the monthly building reports that Mr. Subraj receives for 88-15 168th Street (Hillside Park 168 LLC), rent ledgers, employee notes and any documents uploaded to the system. We also demand that you regenerate any Yardi Voyager rent ledgers for the following dates: October 30, 2024, December 6, 2024, June 4, 2025, August 18, 2025, September 4, 2025, October 10, 2025, October 14, 2025 and June 1, 2026.

5. **Defendants have yet to respond to Plaintiff's supplemental requests provided to you on June 4, 2026.** On May 29, 2026, the Court held a discovery conference in which we attempted to obtain more information from you. You maintained that you did not understand what Plaintiff's Document Request No. 5 was seeking and did not understand what Plaintiff's Interrogatory No. 11 was requesting. After explaining to you the information those requests sought, you requested before the Court that we put that explanation in writing. On June 4, 2026, we emailed you the attached supplemental discovery requests which clarified the documents and information we were seeking in Document Request No. 5 and Interrogatory No. 11.

In the July 17, 2026 Joint Letter to the Court you stated that you intended to respond to these supplemental discovery requests by July 17, 2026 (*see* attached ECF No. 36). As of the date of this email, we have yet to receive a response.

We demand that you respond to the supplemental discovery requests by **October 9, 2026.**

You and your clients have failed to appropriately respond to Plaintiff's discovery requests and appear to be hiding information. Not only may this behavior result in a motion to compel but it may also result in our request to have the Court order that Messrs. Decasro, Subraj and Cohen be recalled for further deposition testimony once we have complete responses. In addition, your clients' chicanery delays any potential settlement. As we have repeatedly stated since the first discovery conference on January 16, 2026, we are pursuing discovery so that we can engage in meaningful settlement discussions. However, your clients appear to be acting in bad faith, first by failing to timely respond to Plaintiff's request for depositions and now appearing to hide documents and other information.

Please provide times for a meet and confer the **afternoon of October 7**.

Sincerely,

**Elizabeth M. Lynch**
*Director of Economic Equities*
The Legal Aid Society
153-01 Jamaica Ave, Suite 202
Jamaica, NY 11432
Cell: (646) 874-4219
Fax: (646) 786-3142
Email: emlynch@legal-aid.org